## JACKSON, *ex dem.* BROWN AND OTHERS, *against* AYERS.

Where a person in possession of land covenants with another to pay him for the land, and receive a deed from him, in an action of ejectment by the covenantee, he is estopped from setting up an outstanding title, or a title in himself, unless he can show that he was deceived or imposed upon in making the agreement.

THIS was an action of ejectment, brought to recover land lying in the town of *Hoosick*, in the county of *Rensselaer*. The cause was tried before Mr. Justice *Platt*, at the *Rensselaer* circuit, in *December*, 1816.

At the trial the plaintiff produced in evidence an agreement executed by the defendant, and *Cross* and *Chase* of the one part, and *Brown*, one of the lessors of the plaintiff, of the other part, dated the 15th of *February*, 1810, by which *Brown* covenanted to convey to the other parties to the agreement certain lands in the town of *Hoosick*, of which they were respectively in the occupation, and the parties of the first part agreed to pay *Brown*, each 1,020 dollars, in three annual instalments, and the land was to be conveyed on the payment of the first instalment. It was proved on the part of the plaintiff, that *Brown* had offered to execute and deliver a deed to the defendant, which he refused to receive. The defendant offered to prove that *Nathan Dobkins* had possession of the premises in question 40 years ago, claiming title, and that the defendant was now in possession, claiming title, and had a deed from the heirs of *Dobkins*; but the judge ruled that the evidence was inadmissible. The defendant then offered to prove an outstanding title in *Isaac Rogers*, at the time of executing the agreement: the judge ruled, that this evidence also was inadmissible, but that the defendant might show the execution of the agreement to have been unduly obtained on the part of *Brown*, or that *Brown* had, since the date of it,

parted with his title. The defendant having no evidence of this nature, a verdict was found for the plaintiff.

The defendant moved for a new trial, and the case was submitted to the court without argument.

*Per Curiam.* The plaintiff in this case rests his right to recover the premises in question, on a covenant or agreement entered into between *Jonathan Brown* and the defendant, by which the defendant agreed to purchase the lands of *Brown;* the defendant then being in possession of the same. The defendant offered to prove, that one *Dobkins* was in possession of the premises forty years ago, claiming title ; and that the defendant was now in possession claiming under him, and had a deed from his heirs. This testimony was overruled. The defendant then offered to show an outstanding title in *Isaac Rogers.* That was also overruled, and verdict found for the plaintiff.

The agreement entered into for the purchase between *Brown* and the defendant was dated in the year 1810. This agreement to purchase was an acknowledgment of the title of *Brown;* and would estop the defendant from setting up an outstanding title. The defendant being in the possession when the agreement was entered into, could make no difference. He was in as a mere naked possessor, and must be considered in the same light as if he had entered under the agreement. He did not offer to show that he entered under *Dobkins,* or how long *Dobkins* continued in possession ; but merely, that *Dobkins* had possession, claiming title, forty years ago ; and that he, the defendant, *now* claimed title under him, and had a deed from his heirs. When he obtained such deed, or when he first pretended to claim under *Dobkins,* is not stated. It is most probable that it was after he entered into the agreement to purchase of *Brown;* so that, on this ground, the evidence was properly rejected ; and, indeed, the defendant was estopped, admitting even that he entered under *Dobkins,* and had a deed from his heirs, at the time he agreed to purchase of *Brown,* unless he was in some way deceived or imposed upon in making such agreement. The offer to show an outstanding title in *Rogers* was clearly inadmissible.

Motion for new trial denied.(a)

(a) Vide *Jackson,* d. *Russel and others,* v. *Croy,* 12 *Johns. Rep* 427. *Jackson,* d. *Fisher. v. Creall and Kellogg,* 13 *Johns. Rep.* 116. *Jackson,* d. *Duncan and others,* v. *Harder,* 4 *Johns. Rep.* 210. *Jackson, d Smith and another,* v. *Stewart,* 6 *Johns. Rep.* 34. *Jackson, d. Davy,* v. *De Watts,* 7 *Johns. Rep.* 157.