MORELAND *v.* LEMASTERS.

MORELAND
*v.*
LEMASTERS.

If a purchaser of real estate enter into possession of the property and make improvements on it, under a parol contract of sale, there is a sufficient part-performance of the contract to take it out of the statute of frauds: *a fortiori*, if he have also paid the purchase-money.

If a person purchase such estate with notice, actual or constructive, of an outstanding equitable title, his legal title will not affect the outstanding equity.

The occupancy of the estate. by a third person, whether the purchaser have a knowledge of it or not, is constructive notice to the purchaser of the occupant's title.

The purchaser of an estate with notice of an outstanding equity, is as much bound as his vendor was to perform the prior contract.

| ⌐4b | 383 |
| 128 | 479 |
| 129 | 365 |

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—*Archibald Lemasters* filed a bill in chancery against *Rachel Moreland* and *James Stagg*. The. object of the bill is to obtain a decree against Mrs. *Moreland,* for the specific performance of a parol contract, which the complainant made with her in the year 1833, for a certain lot of ground in the town of *Indianapolis.* The bill avers, that the complainant entered into possession of the premises under the contract, and made valuable improvements; and that he has paid the purchase-money. The defendants, in their answers, admit some of the statements in the bill and deny others; and they insist upon the statute of frauds. *Stagg* states that Mrs. *Moreland,* his co-defendant, about the 10th of *July,,* 1835, considering herself to be the owner of the lot in question, sold the same to *Richard M. Bell,* an innocent purchaser.

The complainant, in a supplemental bill, makes *Bell* a party, and charges that he fraudulently purchased the. lot of Mrs. *Moreland,* with notice of the complainant's equitable title; and that he has commenced an action of disseisin against the complainant, to recover possession of the lot. The prayer of the supplemental bill is that the sale to *Bell* be set aside, the action of disseisin enjoined, and for general relief. The answer of *Bell* avers, that he is a *bona fide* purchaser for a valuable consideration, and denies that he had any notice of the complainant's claim. He admits, however, that he understood, at the time of the purchase, that there was a tenant on the premises, but he says that *Stagg*, who assisted his mother, Mrs.

*Moreland*, in making the contract, informed him that the occupant had no title, but was merely a tenant at will.

Several depositions were read by the parties; and the cause was then submitted to the Circuit Court upon the bills, answers, exhibits, and depositions. The Circuit Court, considering the parol contract not to be within the statute of frauds, in consequence of the complainant's acts of part-performance, but supposing the subsequent purchase by *Bell* to be valid, decreed that Mrs. *Moreland* should make a certain compensation in damages to the complainant for his loss of the property. The bill was dismissed as to *Bell* and the other defendant.

There is some uncertainty as to the facts of this case. We believe them, however, to be as follows:—

Mrs. *Moreland*, resident in *Indianapolis*, was the owner of a certificate, executed by the agent of state, for a lot of ground in that town, on which one-fourth of the purchase-money had been paid. *Stagg*, who is Mrs. *Moreland's* son, and who was, at the time, living with her and attending to her business generally, sold the lot in her name to *Lemasters*, in the spring of 1833, by a parol contract. *Lemasters* entered into possession of the lot under the contract, built a house on it, and has resided in the house ever since. He also paid to the agent of state, according to the terms of the contract, a part of the purchase-money due from Mrs. *Moreland* for the lot, and paid to her in work the residue of the price. Mrs. *Moreland* recognised the sale thus made for her by her son; and she knew, without making any objection, that *Lemasters* had, subsequently to the contract, taken possession of the lot, improved it, and resided on it. Mrs. *Moreland* had in her possession the certificate of the agent of state, upon which were indorsed the receipts for payments on the lot made by *Lemasters*. The only reason which Mrs. *Moreland* gave to *Lemasters*, and to some of the witnesses, why she was unwilling to assign the certificate to him, was, that he had not paid for the lot. Indeed, she admits in her answer, that if *Lemasters* had done the work which he had agreed with *Stagg* to do, she would have complied with the contract. In *September*, 1835, whilst *Lemasters* resided on the lot, Mrs. *Moreland*, with the assistance of *Stagg*, sold the lot to *Bell* for a valuable consideration, and

assigned to him the certificate; *Bell* having full knowledge that the lot was then in the actual possession of a third person. *Bell* afterwards presented the certificate to the agent of state, with the payments made by *Lemasters* indorsed on it, and received from the agent a conveyance for the premises.

The first question which this case presents is, whether the sale of the lot by Mrs. *Moreland* to *Lemasters* is valid under the statute of frauds?

There is no difficulty in this question. The purchaser's taking possession of the estate, and making improvements on the same, under a parol contract of sale, have always been considered a sufficient part-performance to take the case out of the statute of frauds. *Lester* v. *Foxcroft*, Colles' Cases in Parliament, 108.—*Clinan* v. *Cooke*, 1 Sch. & Lef. 41.—*Johnston* v. *Glancy et al. Nov.* term, 1835. The reason given for this doctrine is, that if the vendor were permitted to refuse to comply with an agreement thus executed in part, it would be a *fraud* upon the vendee. *Frame* v. *Dawson*, 14 Ves. 386.— *Phillips* v. *Thompson*, 1 Johns. Ch. Rep. 149. The case before us comes within the principle of these decisions. Mrs. *Moreland* knew of the existence of the contract, under which *Lemasters* took possession of the lot; which contract had been made in her name, and which she had recognised as her own. She knew that *Lemasters*, subsequently to the contract, was in possession of the lot, improving it and residing on it as his own. It is to be presumed, that she knew that he had made the payments to the agent of state, which became due after the contract was made, for the agent's certificate was in her possession, on which the payments, as made by *Lemasters*, were indorsed. Besides, it was for her and at her request, that *Lemasters* performed the labour, which, by the contract, he was bound to perform.

The complainant has really done more than the decisions on the subject require, in order to take the case out of the statute of frauds. He has not only entered into possession of the lot, by virtue of the agreement recognised and adopted by Mrs. *Moreland*, made improvements on it, and fixed his residence there, with her knowledge and acquiescence, but he has also paid the purchase-money conformably to the terms of the agreement.

The second question in the cause is, whether the complain-

49

ant is prevented from obtaining a specific performance of the contract, in consequence of the sale of the lot by Mrs. *Moreland* to *Bell?* This question turns on a single point. If *Bell* purchased with notice, actual or constructive, of the outstanding equity, his legal title will not affect *Lemasters'* claim. The record shows that *Stagg* informed *Bell*, at the time of the purchase, that the lot was in the possession of a third person. The knowledge of that fact was, of itself, sufficient to put *Bell* upon inquiry, and was consequently constructive notice of the title of the occupant. *Taylor* v. *Stibbert*, 2 Ves. jun. 437. It is not material, that the representation to *Bell* was, that the occupant was a tenant at will. It was the purchaser's duty, under the circumstances, to make further inquiries, and to examine into the nature and extent of the occupant's interest. Indeed, the fact that a third person was resident on the premises, was, of itself, constructive notice of his claim, to all persons who might wish to purchase. *Lessee of Billington* v. *Welsh*, 5 Binney, 129.—*Daniels* v. *Davison*, 16 Ves. 249.— *Knox* v. *Thompson*, 1 Litt. 350.—*Fitzhugh* v. *Croghan*, 2 J. J. Marsh. 434. It may also be observed, that the indorsements on the agent's certificate showed *Bell*, at the time of his purchase, that most of the payments had been made by *Lemasters.*

We are of opinion, for these reasons, that *Bell* must be considered to be a purchaser with notice of the complainant's equitable title. The consequence is, that Mrs. *Moreland's* assignment to *Bell* of the agent's certificate, and the agent's consequent execution to him of the conveyance, cannot stand in the way of the complainant's right to a specific performance of the parol agreement. In consequence of the notice, *Bell* is a *mala fide* purchaser, and is bound to perform the prior contract made by his vendor with the complainant. 2 Story's Eq. 93.—*Champion* v. *Brown*, 6 Johns. Ch. Rep. 398.—*Daniels* v. *Davison*, 17 Ves. 433. But he is entitled to a return from Mrs. *Moreland* of the consideration-money which he paid to her for the lot, with interest.

*Per Curiam.*—The decree against Mrs. *Moreland*, and the dismissal of the bill as to *Bell*, are reversed. Cause remanded with instructions, &c.

*C. Fletcher*, *O. Butler*, and *P. Sweetser*, for the appellant.

*H. Brown*, *J. L. Ketcham*, and *J. Morrison*, for the appellee.