UNDERHILL *v.* WILLIAMS and Others.

A bill in chancery alleged the following facts : *A.* purchased from a county agent a certain town-lot, paid the purchase-money except a small sum, received a title-bond, and was put into possession. The obligee sold the lot to *B.*, *B.* sold to *C.*, *C.* sold to *D.*, *D.* sold to *E.* who made valuable improvements. *E.* sold to *F.*, who sold to the complainant. The title-bond remained with the obligee unassigned during the sales to *B.*, &c., and at each of them, the purchase-money was paid, and the purchasers were respectively put into possession. The complainant, soon after his purchase, obtained from *F.* an order on the obligee for an assignment of the bond, &c. The obligee acknowledged *F.'s* right to control the assignment, but afterwards, at *F.'s* request, assigned the bond to him.

*Held,* that the case was not within the statute of frauds, and that the bill was sufficient. *Held,* also, that the Court was competent to decree that *F.* should assign the bond to the complainant, that the obligee should pay the county agent the part of the purchase-money due him, and that, on such payment, the agent should convey the lot to the complainant.

ERROR to the *Kosciusko* Circuit Court.

SULLIVAN, J.—Bill for specific performance. · *J. R. Williams* purchased from the agent of the county of *Kosciusko* lot No. 73 in the town of *Warsaw,* paid all the purchase-money except the sum of seven dollars, received a bond signed by the county agent for the conveyance of the title, and was put into possession of the lot. *J. R. Williams* subsequently sold to one *Blair, Blair* sold to *Nutt, Nutt* to *Pottinger, Pottinger* to *W. Williams* who made valuable improvements on the lot; *W. Williams* sold to one *Tibbetts* and *Tibbetts* to the complainant. At the sale by *J. R. Williams* to *Blair* the title-bond was not assigned, but at that sale, and all the sales subsequently made, the title-bond remained in the possession of *Williams* unassigned. At each of the several contracts above mentioned the purchase-money was paid, and the purchasers respectively put into possession. The bill states that a short time after the purchase from *Tibbetts* by the complainant, the latter obtained from *Tibbetts* an order directed to *J. R. Williams,* requesting and authorizing him to assign the title-bond to *Sylvester Underhill,* a minor son of the complainant, for the complainant's use; that the order was shown to *Williams* who acknowledged the right of *Tibbetts* to control the transfer of the title-bond; but that afterwards, at the request of *Tibbetts,* he assigned the title-bond to him. *J. R.*

*Williams, Blair, Nutt, Pottinger, W. Williams, Tibbetts, Sylvester Underhill,* and *C. Sleeper,* agent of the county of *Kosciusko,* are made defendants to the bill. The prayer of the bill is, that *Tibbetts* may be decreed to assign the title-bond to the complainant, that *J. R. Williams* be decreed to pay the agent of *Kosciusko* county the balance of the purchase-money yet due for the lot, and that the agent, on such payment being made, convey to the complainant. There was a demurrer to the bill, and the ground relied upon in support of the demurrer was, that the agreement sought to be enforced was void by the statute of frauds and perjuries. The demurrer was sustained, and the bill dismissed.

The statute of frauds and perjuries does not affect a parol contract for the sale of lands where the purchaser is put into possession, especially where the purchase-money has been paid and valuable improvements made on the land. Such a case is excepted from the operation of the statute for the reason, amongst others, that if the contract were not valid the purchaser would be made a trespasser, and as such be liable to answer for the rents and profits. A fraud would be practised on him. *Moreland* v. *Lemasters,* 4 Blackf. 383.

By the terms of the contract between *Tibbetts* and the complainant, the latter was entitled to the title-bond from *J. R. Williams.* The procurement of the bond by *Tibbetts* after the contract, and in violation of it, was a fraud upon the complainant. *Tibbetts* holds the bond as the trustee of the complainant who has a right to the possession of it, and it is competent for a Court of chancery to decree an assignment of it. The Court as it respects that point, therefore, should have entertained the bill.

The remedial powers of a Court of chancery are also competent, we think, to afford relief to the complainant against *J. R. Williams.* The complainant has paid the full value for the lot, but cannot obtain a title until the balance due from *Williams* to the county agent is paid. *Williams* also has received full value for the lot. The complainant is not only without title in consequence of the default of *Williams,* but he may, by a suit at law, be deprived of the possession. Under such circumstances, *Williams* may not fold his arms and stand still while his assignee, though a remote one, suf-

May Term,
1844.

fers or is in danger of suffering.  He is under a legal obliga-
tion to remove every obstacle out of the way of obtaining a
clear title to the lot, and the right to enforce that obligation
enures, in equity, to his assignee.  It is the peculiar province
of a Court of chancery, in matters complicated and various,
to bring all the parties interested before it, and to make such
decree, affecting each of the parties, as the ends of justice
require.

THE STATE
v.
HOOD.

Upon the whole case, therefore, we are of opinion that it
was competent for the Court to decree that *Tibbetts* should
assign the title-bond to .the complainant; that *Williams* should
pay the balance of the purchase-money to the county agent;
and that upon such payment being made, the agent should
convey to the complainant.

*Per Curiam.*—The decree is reversed with costs.  Cause
remanded, &c.

*D. D. Pratt*, for the plaintiff.

*J. W. Chapman* and *A. L. Osborn*, for the defendants.