Nov. Term,
1846.

PATTERSON
v.
DOE.

</div>

---

PATTERSON *v.* DOE, on the Demise of FISHER.

In ejectment for a piece of land, a title-bond for a different piece is inadmissible as evidence on the ground of irrelevancy; and parol evidence, to show that the land intended to be described in the bond was the same with that sued for, is inadmissible.

The obligee of a title-bond who has entered into possession of the premises under the contract, may, in ejectment against him by the lessee of the vendor, dispute the vendor's title, if he can show that he was induced to make the purchase by the fraudulent representations of the vendor.

Parol evidence of the terms of an agreement which the party has shown to be in writing is inadmissible.

An irrelevant instruction should not be given to the jury.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—Ejectment. The premises claimed in the declaration are described as the north part of the south-east quarter of section thirty-six, township five, range three west, &c., containing one hundred and ten acres, being all of said quarter section except, &c. Plea, the general issue; trial by jury; lease, entry, ouster, and possession confessed, and a recovery by the plaintiff. A motion for a new trial was denied. A bill of exceptions embodies the evidence.

It appears that the plaintiff, to establish his right of recovery against the defendant, first gave in evidence, having proved its execution, a title-bond from his lessor, *Fisher*, to

<div style="text-align:right">

*Tuesday,*
*December* 1.

</div>

Nov. Term,
1846.

PATTERSON
v.
DOE.

the defendant, *Patterson*, which recited the sale, by the former to the latter, of the north part of the south-west quarter of section thirty-six, township five, range three west, &c., containing one hundred and ten acres, being all of said quarter section except, &c.   He further proved the possession of *Fisher* at the time of the sale, and his relinquishment thereof to *Patterson*, who thenceforward to the commencement of this suit, continued in the occupancy of the premises.   He proved the offer of compliance on the part of *Fisher* with the terms of sale contained in the bond, the non-compliance on the part of *Patterson*, notice to quit, &c.   He also proved by the subscribing witness to the bond, that the land sold by it was intended to be that of which *Patterson* took possession as above stated.   The defendant objected to all of this evidence, but the Court permitted it to go to the jury, which is one of the errors complained of.

We think the objection as to most of the evidence should have been sustained and the evidence excluded.   The issue made by the pleadings for trial in this case, was upon the title to the north part of the south-east quarter of section thirty-six.   The bond given in evidence related alone to the north part of the south-west quarter of section thirty-six, an entirely different piece of land from that in issue in the suit. It therefore, unexplained, had no relevancy to that issue, and was for that reason inadmissible.   Nor was it competent for the plaintiff to establish the relevancy of the bond by showing, by parol evidence, the intended identity of the land described therein with that embraced in the declaration.   A mistake in the bond could not thus be shown and corrected. It would seem to have become a maxim, that as a general rule, at law, a written instrument cannot be contradicted or varied by parol evidence.   This case comes within no exception to that rule.   There was no latent ambiguity nor other circumstance connected with the bond, that would authorize a party attempting to avail himself of its provisions as against the obligor to explain it by parol; and as to the right of the latter to do so, in resisting *its* enforcement, we are not now called on to examine.   3 Blackf. 125.—*Id.* 361.—4 *id.* 425. —1 Greenl. Ev. 327.—Wood. L. & T. 654.—8 Conn. R. 117.—15 *id.* 575.—*Grant* v. *Naylor*, 4 Cranch, 224.   In this

last case, a letter of credit was sent by *Grant* to *John* and *Jeremiah Naylor*, who furnished the individual recommended with goods on the guarantee contained in the letter. By mistake, the letter was addressed to *John* and *Joseph Naylor*. In an action at law by *John* and *Jeremiah Naylor*, on the guarantee in the letter, for the goods furnished, it was held by the *U. S.* Supreme Court, that parol proof of the mistake could not be received, and that the plaintiffs could not recover. In such cases, the plaintiff should apply to a Court of equity for a correction of the written instrument. *Grant* v. *Naylor*, *supra*.—*Gray* v. *Woods*, 4 Blackf. 432.—*Eggleston* v. *Bradford*, 10 Ohio, 312, a case directly in point.—1 Story's Eq. tit. "Mistake."—1 Greenl. Ev. 358.

There are two other points in the case which it seems proper for us to notice. After the evidence was closed on the part of the plaintiff, the defendant offered to prove by competent evidence, that neither at the time of the sale above mentioned, nor at any time since, had the plaintiff's lessor any title to the land in controversy; that the defendant had been induced by the said lessor's fraudulent representations of title, to make the purchase and take the possession proved by the plaintiff; and that on the discovery of such want of title he had attorned to the true owner, under whom he then held possession of the premises. The Court refused to permit the proof to be made. This was error. It is a general rule that a tenant shall not be permitted to dispute his landlord's title; and there are authorities that a vendee in possession under a contract of purchase, may not be heard in an action of ejectment, to impeach the title of his vendor. The reason is, that the contract under which they severally hold, is regarded as an admission of title; which they are estopped from controverting. But a contract obtained by fraud cannot have that effect, and in such cases the rule does not apply. Adams on Eject. 275, n. 1.—*Miller* v. *M'Brier*, 14 S. & R. 382.—*Jackson* v. *Ayers*, 14 Johns. 224.

The defendant asked the Court to instruct the jury, that as the plaintiff had shown that the defendant was in possession of the premises by virtue of a written agreement, parol evidence of the terms of his possession was insufficient. The

*(margin notes:)* Nov. Term, 1846.

PATTERSON
v.
DOE.

Nov. Term, 1846.

Court refused the instruction. In Wood. L. & T., *supra*, the rule is laid down that "parol evidence of an agreement cannot be received, where it appears from the party's own witness that the agreement was reduced to writing; and this even where the written agreement, for want of being stamped, or for other informality or defect, is inadmissible." This position is sustained by 1 B. & Ad. 29.—6 Bingh. 533.—4 M. & P. 299.—3 B. & P. 143.—5 Dowl. P. C. 265. By this law it is clear, that had the fact assumed by the counsel as proved existed, had the bond given in evidence, though for some cause defective, related to the land sued for, the Court should have given the instruction asked. But that fact did not exist. The plaintiff had not shown, that the defendant was in possession of the premises claimed in the declaration under a written agreement, but the contrary; and on this ground the Court might rightly have refused the instruction.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman, P. L. Spooner, E. Dumont,* and *J. T. Brown,* for the plaintiff.

*D. Macy, D. S. Major,* and *T. Gazlay,* for the defendant.