*A. C. Downey,* for appellee.

———◆———

## WALKER *v.* COX.

VENDOR AND PURCHASER.—A vendee of real estate cannot hold the land against a prior equitable title, if he had notice of the equity, either before the payment of the purchase money or the execution of the deed.

SAME.—A purchaser of the legal title, with notice of a prior equitable contract for the conveyance of the land, is bound to perform the contract. The holder of the legal title is treated as a trustee for the benefit of the party equitably entitled.

NEW TRIALS.—Section 601 of the code, (2 G. & H., 283,) which allows a new trial as of right in actions to recover the possession of real property, &c., does not apply to suits for the specific performance of contracts for the conveyance of land.

APPEAL from the *Daviess* Circuit Court.

ELLIOTT, J.—*Cox,* the appellee, filed a complaint in the *Daviess* Circuit Court against *James L. Maxwell* and his wife, *Martha Ann Maxwell,* and the appellant, *Margaret Walker,* for the specific performance of a written contract for the sale and conveyance of real estate, evidenced by a

title-bond executed to *Cox* by *Maxwell* and his wife, on the 1st day of *January*, 1862. The title-bond is made a part of the complaint. It is in the penalty of $1,000, and is conditioned that *Maxwell* and wife shall, on the 12th day of *December*, 1864, make to said *Cox* a deed for their interest in the lands described. It is averred in the complaint that the consideration for the land was $500, which was paid to *Maxwell* at the date of said title-bond. It is further averred in the complaint that after the sale to the plaintiff, and the execution of the title-bond to him, *Maxwell* and his wife conveyed the same lands 'to the appellant, *Margaret Walker*, who then and there, and for a long time before, had notice of the sale to the plaintiff, and of the existence of said title-bond.

The bond, as to *Maxwell's* wife, was probably void, and no decree could have been taken against her, but the record shows her decease during the pendency of the suit. *Maxwell* appeared, but failing to answer was defaulted. *Margaret Walker*, the appellant here, appeared and demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against her, but the court overruled the demurrer, and that is the first question presented by the appellant.

There is no averment in the complaint that *Cox* was in possession of the premises under his purchase, and it is insisted by the appellant's counsel that "where real estate is held by title-bond only, the purchaser not having taken possession under such contract, a subsequent purchaser for a valuable consideration, who receives a deed from the original vendor, will be protected in his purchase," though he may have had notice at the time of his purchase of the outstanding equity of the first purchaser. No authority is referred to to sustain this position, and we think that none can be found. It is well settled that a purchaser of real estate cannot hold against a prior equitable title, if he has notice of the equity either before the payment of the purchase money, or the execution of the deed. *Gallion* v.

*McCaslin*, 1 Blackf. 91; *Moreland* v. *Lemasters*, 4 Blackf. 383. The demurrer to the complaint was correctly overruled.

*Margaret Walker* filed an answer denying the complaint, and alleging that she was a *bona fide* purchaser of the land for a valuable consideration, without notice of the plaintiff's equity. The issues were tried by a jury. Verdict for the plaintiff, and that he was "entitled to have and receive a deed of conveyance from the defendants for one undivided half of the land described in the plaintiff's complaint." Motion for a new trial overruled. The court thereupon decreed that *Richard J. Clements* be appointed a "commissioner to make and execute a deed of conveyance to the plaintiff for the undivided half of the land described in the complaint, and that said deed shall vest in the plaintiff the legal title in fee to said real estate."

It is urged that the decree is erroneous in providing for a conveyance to the plaintiff of the legal title as against the defendant, *Margaret Walker*, who was not a party to the title-bond. There is nothing in the objection. *Margaret*, having notice of the plaintiff's equity, is a *mala fide* purchaser, and having thus received a conveyance of the legal title, is bound to perform the prior contract made by her vendor with *Cox*. She is treated as a trustee, holding the title for the benefit of *Cox*, and in equity is bound to convey to him. *Moreland* v. *Lemasters, supra;* 2 Story's Eq. Jur., § 784; *Champion* v. *Brown*, 6 John. Ch. R. 398.

It would have been proper for the court to have required *Margaret Walker* to convey to *Cox*, and she cannot complain that a commissioner was appointed to execute the conveyance.

After the final decree the appellant paid the costs that had accrued in the cause, and thereupon moved the court to vacate the judgment and grant her a new trial as a matter of right under sec. 601 of the code. 2 G. & H., 283. The court overruled the motion, and this ruling is also assigned as error.

The provisions of the statute referred to do not apply to suits for the specific performance of contracts, and the ruling of the court was therefore correct. *Benner* v. *Benner*, 10 Ind. 256; *Perry* v. *Ensley, id.*, 378; *Allen et al.* v. *Davison*, 16 Ind., 416.

The judgment of the court below is affirmed, with costs.

*J. W. Burton*, for appellant.

*R. A. Clements, jr.*, for appellee.