Filed Nov. 7, 1883.

———◆———

No. 10,804.

### BARNES v. UNION SCHOOL TOWNSHIP.

VENDOR AND VENDEE.—*Statute of Frauds.*—*Possession.*—*Notice.*—The purchase of lands by parol, payment of the price, possession given and taken under the purchase, make a valid contract, notwithstanding the statute of frauds, and such possession is notice to a subsequent purchaser, so that an action by him for possession will be defeated.

REAL ESTATE, ACTION TO RECOVER.—*Counter-Claim.*—*Quieting Title.*—To a suit for possession of lands and to quiet title, the defendant may by way of counter-claim set up a title in equity in himself, and pray to have his title quieted.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellant.
*E. C. Snyder* and *M. W. Bruner*, for appellee.

FRANKLIN, C.—Appellant sued appellee for the possession of, and to quiet the title to, a certain school lot.

Appellee answered by a general denial, and filed a counter-claim.

Appellant demurred to the counter-claim, which demurrer was overruled, and a reply was filed.

There was a trial by the court, a special finding made, and conclusions of law stated. Appellant excepted to the conclusions of law, and moved for a new trial, both of which were overruled, and judgment rendered for the appellee.

Errors have been assigned upon the foregoing rulings:

Both parties claim the real estate through one Henry Sperry; appellant claims that said Sperry in 1874 mortgaged said half-acre school lot, with other lands, to one Busenbark, who bought it at a sheriff's sale on a foreclosure of the mortgage in 1878, and in 1879 received a deed therefor; that appellant bought it from Busenbark and received a deed for it in 1880. Appellee claims to have bought the half-acre school lot from Sperry in 1853, paid the full purchase-money, took possession under the contract, and erected a valuable school house thereon, and has held possession of the same ever since, and that in 1856 said Sperry executed to appellee a title bond for a conveyance by deed to said school lot. This claim of appellee is set forth more particularly in the counter-claim. We see no reasonable objection to this counter-claim; it is a good claim for specific performance, without the execution of the bond. There was no error in overruling the demurrer to it.

The reasons for a new trial are based alone upon the sufficiency of the evidence. The evidence is not in the record. Therefore, the specification of error, based upon the overruling of the motion for a new trial, presents no question for consideration. The special findings are substantially as follows:

That in May, 1856, one Henry Sperry was the owner and

in possession of the real estate in controversy; that the citizens then by donation erected a school-house thereon; that about that time, or shortly afterwards, said Sperry, having sold the same to appellee, executed to appellee a title bond for said lot, received the purchase-money therefor, and put appellee in possession thereof; that schools by subscription were taught in said house a portion of each year for several years after its erection, and that schools, either public or private, were taught in said house a portion of each year up to 1870 or 1871; that about the year 1870 or 1871, said original house was removed from said lands, and said lands remained vacant one week, when said Union School Township, by its school trustees, commenced the erection of a new school building on the site which the old one had formerly occupied, which was soon completed and occupied for school purposes by said defendant, and ever since has been, and now is, used for school purposes by said defendant, school being taught in it each year; that appellee's claim consists in said title bond, possession under it, payment of the purchase-money, and the erection of permanent improvements; that said Sperry, on the 6th day of November, 1874, executed to said Busenbark a mortgage on ten acres of land including said school-house lot; that said mortgage was foreclosed in September, 1877, and upon sheriff's sale said Busenbark bought the mortgaged property, and received his deed August 21st, 1879; that at the time of the execution of said mortgage, sale, and deed to Busenbark, he had no notice of any claim of defendant to the lot other than such constructive notice as was given by the school building standing on said land, and the lot being enclosed with a fence; that on the 25th day of October, 1880, said Busenbark conveyed by deed said land, including said school lot to appellant; that said Barnes, at the time she purchased and received a deed from said Busenbark, had no notice of the defendant's claim, except the situation of the improved school lot as above described; that appellant and her grantors have all the time paid the taxes on said lands; that the value of the real estate in controversy is $700.

Upon the foregoing facts the court stated as a conclusion of law that the defendant, Union School Township, is the owner of the land in controversy, and has the right to have its title thereto established and quieted.

Appellant in her brief insists that these facts do not establish a legal title in appellee by twenty years adverse possession. This is not controverted by appellee, but appellee insists that they establish a good equitable title and the right to possession in appellee, and are therefore sufficient to defeat the plaintiff's action.

The possession of appellee was sufficient notice to appellant of whatever rights appellee had in the premises. *Johnston* v. *Glancy*, 4 Blackf. 94 (28 Am. Dec. 45); *Moreland* v. *Lemasters*, 4 Blackf. 383; *Paul* v. *Connersville, etc., R. R. Co.*, 51 Ind. 527.

The facts found contain every element necessary to constitute a good, equitable title in apppellee: The purchase of the school lot, possession under the purchase, full payment of the purchase-money, and the erection of valuable and permanent improvements. A stronger equitable title and the right to possession could not be established. See the following cases: *Patterson* v. *Doe*, 8 Blackf. 237; *Church* v. *Cole*, 36 Ind. 34; *Maxwell* v. *Campbell*, 45 Ind. 360; *Emily* v. *Harding*, 53 Ind. 102; *Graham* v. *Graham*, 55 Ind. 23; *Hampson* v. *Fall*, 64 Ind. 382; *Webster* v. *Bebinger*, 70 Ind. 9.

These authorities fully establish that it is proper, in an action for possession, and to quiet title to real estate, for the defendant to plead such a counter-claim as is herein set forth. And under our statute all defences both legal and equitable may be given in evidence under the general denial, which was pleaded in this case. There is no error in the conclusions of law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Nov. 7, 1883.