ALDERSON, respondent, *v.* MARSHALL, appellant.

*An affidavit for publication of summons should not contain conclusions of law.* — An affidavit was filed in an action, under the requirements of the act of 1883 (Acts of 13th Sess. Leg. Assembly Mont., p. 50), concerning publication of summons, for the purpose of obtaining service upon a defendant who, it was claimed, could not be found. The affidavit recited that "due diligence had been exercised in procuring actual service upon said defendant, but that his whereabouts in the territory could not be discovered." *Held*, that the facts upon which the conclusion of due diligence was based should have appeared in the affidavit, and that the same is insufficient.

*A default judgment is void unless service has been had according to law.* — *Held*, that all the proceedings, and the judgment based upon the affidavit above described, are void.

CIVIL PRACTICE. — *It is discretionary with a court to allow a plaintiff to reopen his case.* — In the case at bar, after the plaintiff had rested, a motion for a nonsuit was made, and before passing on the motion, the court permitted the plaintiff to introduce other testimony: *held*, that there was no error, inasmuch as it lay within the discretion of the court to permit the introduction of such other testimony.

CIVIL PRACTICE. — *A defendant may waive his right to a nonsuit.* — In the case at bar, after the plaintiff had rested his case, the defendant moved for a nonsuit, which motion was overruled. He failed to abide by said motion, went into his defense, and evidence was subsequently introduced by the plaintiff which cured the defects upon which said motion was based. *Held*, that defendant had waived his right to complain of any error on the part of the court in overruling his motion.

ESTOPPEL. — *A person who gains possession as a tenant, or under an agreement to purchase, cannot dispute the title of his landlord or proposed vendor.* — In the case at bar, the defendant gained possession of the premises in controversy from the plaintiff, either as his tenant or under an agreement to purchase his title: *held*, that he was estopped to deny the rightful possession of the plaintiff.

CIVIL PRACTICE. — *When an estoppel may be taken advantage of without being pleaded.* — In the case at bar, the estoppel hereinbefore mentioned was not pleaded, but the facts constituting the same were disclosed by the evi-

dence introduced both by the plaintiff and the defendant: *held*, that the evidence constituting the estoppel was properly before the jury, and the estoppel being proved, that the plaintiff could take advantage of it.  *Fabian v. Collins*, 3 Mont. 215, cited.

STATUTE OF LIMITATIONS. — *When it begins to run as to an adverse possession of premises unlawfully withheld.* — In the case at bar, *held*, that the defendant being estopped, the statute of limitations could not commence to run in his favor until he had surrendered possession of the premises, or given notice that he did not intend to hold possession in subordination to the title under which he had entered.

CIVIL PRACTICE. — *Exceptions to instruction improperly given.* — *Held*, that the same objection exists to the exceptions to the instructions taken in the case at bar as to those taken in the case of *Woods* v. *Berry, ante*, p. 195, and that hence the instructions cannot be considered.

CIVIL PRACTICE. — *A question held proper on cross-examination.* — The defendant, upon his direct examination, testified as to a verbal agreement between himself and the agent of the plaintiff, which, he claimed, had modified the written agreement.  Upon a question being put by the plaintiff concerning the terms of said verbal agreement, defendant objected, on the ground that the question was not cross-examination, and immaterial; and his objection was overruled.  *Held*, that, passing by the point whether or not the written agreement could have been so modified, still the plaintiff had the right to ask the question.

*Appeal from District Court, Gallatin County.*

L. A. LUCE and F. K. ARMSTRONG, for the appellant.

In the ordinary action of ejectment, the party in possession is presumed to have a valid title until the contrary is proven.  *Willis* v. *Wozencraft*, 22 Cal. 608; *Owen* v. *Fowler*, 24 Cal. 193; *Owen* v. *Morton*, 24 Cal. 273; 2 Greenl. Ev., sec. 331.  And this presumption of title must be overcome by proof of title in plaintiff, which is good as against the defendant.  *People* v. *Leonard*, 11 Johns. 504; *Sullivan* v. *Dimmitt*, 34 Tex. 114; *Kennedy* v. *Skeer*, 3 Watts, 95.  And plaintiff must also show a present right of possession.  *Cincinnati* v. *White's Lessee*, 6 Pet. 431, 441; *Kile* v. *Tubbs*, 32 Cal. 333; 2 Greenl. Ev., sec. 304.  And he must recover, if at all, on the strength of his own title.  *Watts* v. *Lindsey*, 7 Wheat. 158; Adams on Ejectment, 30; 2 Greenl. Ev., sec. 331.  But when the alleged title is subse-

quent to the date of defendant's possession, the plaintiff, to recover, must show a perfect title. *Patterson* v. *Litton,* 23 La. Ann. 274; *Yoe* v. *Dyer,* 6 Heisk. 16; *Busenius* v. *Coffee,* 14 Cal. 91. The proceedings in *Alderson* v. *Muldoon* show that the judgment in the foreclosure suit of *Alderson* v. *Muldoon* is absolutely void. No personal service was had on Muldoon. The attempt was to get constructive service upon him by publication. The mode of procedure in such a case was prescribed by the act of March 1, 1883 (13 Sess. Acts, 50). That act should have been strictly complied with, in order to give the court jurisdiction, it being in derogation of the common law. Sedgwick on Constitutional and Statutory Construction, 267, 279; *Braly* v. *Seaman,* 30 Cal. 611; *Forbes* v. *Hyde,* 31 Cal. 343; *Stewart* v. *Stringer,* 41 Mo. 400; *Gray* v. *Larrimore,* 2 Abb. 542; *Galpin* v. *Page,* 18 Wall. 350; *Haase* v. *Corbin,* 2 Mont. 409, 412. The order of publication, the judgment, and all the proceedings thereunder, are therefore absolutely void. *McMinn* v. *Whelan,* 27 Cal. 300–314; *Settlemier* v. *Sullivan,* 97 U. S. 444; *Dozier* v. *Richardson,* 25 Ga. 92; *Victor M. & M. Co.* v. *Justice's Court,* 18 Nev. 300–314; *Miller* v. *Brinkerhoff,* 4 Denio, 120; *Manning* v. *Heady,* 64 Wis. 630–635; *O'Rear* v. *Lazarus,* 9 Pac. Rep. 621; *Walker* v. *Turner,* 9 Wheat. 541. The judgment in *Alderson* v. *Muldoon* nowhere recites that service of process had been had on Muldoon, and no memorandum is on the complaint of the default of the defendant, the only way of entering default in such cases. Laws of Mont., p. 99, sec. 294. The recital of an order of sale in the sheriff's deed does not prove that he had or executed an order of sale. *Heyman* v. *Babcock,* 30 Cal. 367. The judgment is the authority for all recitals, "and it is the power of the sheriff" to give the deed also. *Hihn* v. *Peck,* 30 Cal. 281. But if all the recitals required were in the deed, they would only be conclusive

betweeen the parties, but not as against a stranger to the proceedings. *Donahue* v. *McNulty*, 24 Cal. 412. Under our statute, a mortgage is not a conveyance entitling the mortgagee to possession without foreclosure and sale. Prior to sale upon foreclosure, the mortgagee has no right to the possession of the mortgaged premises, and is excluded from it. Laws of Mont., sec. 359, p. 111. It is a mere incident to the debt that it is given to secure. *Bennett* v. *Taylor*, 5 Cal. 502; *Willis* v. *Farley*, 24 Cal. 491. Alderson had no possession or tenements concerning which to make a contract. Where a party is in possession before the lease, or where the pretended landlord had no title, or the lease is procured by any fraud or circumvention, the tenant may deny the title of his pretended landlord. *Tewksbury* v. *Magraff*, 33 Cal. 237, 244–246, and cases there cited; *Franklin* v. *Merida*, 35 Cal. 558, 566–576, and cases there cited. If the paper were a lease, it would not of itself show that the relation of landlord and tenant ever existed between Alderson and Marshall; but a holding under the lease must be proven. *Caldwell* v. *Centre*, 30 Cal. 539, 545. There is no such proof in this case. See also *Johnson* v. *Chely*, 43 Cal. 299, 305. The pleadings do not admit of such testimony. If the relation of landlord and tenant had existed, Alderson should have put an end to the tenancy before he could proceed against Marshall. A demand was necessary. *McNally* v. *Connolly*, 9 Pac. Rep. 169; *Jackson* v. *Hughes*, 1 Blackf. 421; *Stofflitt* v. *Troxell*, 8 Watts & S. 340; *Evans* v. *Hastings*, 9 Pa. St. 273; Laws of Mont., sec. 706, p. 171. And under a written lease, a denial of the landlord's title does not forfeit the lease. *De Lancey* v. *Ganong*, 9 N. Y. 9; *Doe* v. *Wells*, 10 Ad. & E. 427; 3 Wait on Actions and Defenses, 53.

SAVAGE & ELDER, for the respondent.

A lessee cannot deny the title of his landlord, and

this rule applies whether the tenant was in possession before the lease was made or not, and also applies whether the lease is by deed or under a contract to purchase. Wood's Landlord and Tenant, sec. 265, note 2, 1. The law will not permit the defendant to take possession of the premises under a lease, and then proceed to undermine plaintiff's title, however imperfect it may be, until he has first surrendered possession. *Fuller* v. *Sweet*, 30 Mich. 2v7; Wood's Landlord and Tenant, sec. 265, notes 2, 1, and cases there cited; *Smith* v. *Ogg Shaw*, 16 Cal. 88; *Tewksbury* v. *Magraff*, 33 Cal. 237.

The judgment in the case of *Alderson* v. *Muldoon* recites facts sufficient to show that the court had acquired jurisdiction of the person of the defendant and the subject-matter of the action, and every presumption is in favor of the jurisdiction of a court of record. *McCauley* v. *Fulton*, 44 Cal. 357. Where a judgment of a court of record is attacked collaterally, the summons, the affidavits of the printer and of deposit in the post-office, when ordered, the complaint and default, and the judgment, can alone be inspected to determine whether the record shows a want of jurisdiction of the person or subject-matter of the action. The affidavit and order of publication of summons constitute no part of the record or judgment roll, and will be presumed to be all that the law required when they were made. *Hahn* v. *Kelly*, 34 Cal. 391. Papers which do not belong to the judgment roll, and are annexed to it, cannot be considered; such papers are surplusage. *Dimick* v. *Campbell*, 31 Cal. 239; *McCauley* v. *Fulton*, 44 Cal. 357. Affidavit and order of publication of summons constitute no part of the judgment roll. Div. 1, Mont. Code Civ. Proc., sec. 294.

In order to take advantage of error in evidence introduced, a party must not only object, but put his finger upon the point and specify the particulars wherein the

evidence is incompetent. *Bliss* v. *Ellsworth*, 36 Cal. 312; *Posten* v. *Rassette et al.*, 5 Cal. 467; *Pearson* v. *Snodgrass*, 5 Cal. 479; *Story* v. *Black*, 5 Mont. 26; *Mott* v. *Smith*, 16 Cal. 534. Defendant's objection to the introduction of the order of sale in the case of *Alderson* v. *Muldoon* cannot avail him, for the reason that he failed to specify the particulars wherein said writing was not in accordance with the law. *Sneed* v. *Osborn*, 25 Cal. 627. If a tenant denies his landlord's title, the denial makes him a trespasser, and he is not entitled to notice to quit before commencement of an action by the landlord to recover possession of the premises. *Bolton* v. *Landers*, 27 Cal. 104 (Justice Sawyer dissenting). Defendant cannot deny plaintiff's title, and then claim the benefit of holding in subordination to it. *Smith* v. *Ogg Shaw*, 16 Cal. 88, cited and approved in *Dodge* v. *Walley*, 22 Cal. 229; *Campbell* v. *Jones*, 38 Cal. 512. In this action the defendant denies plaintiff's title and right of entry. This establishes the ouster as of the date of the institution of the suit, and no demand is necessary. *Miller* v. *Myles*, 46 Cal. 535; Sedgwick and Wait's Trial of Title to Land, sec. 290. The court, in its discretion, may, on trial of a cause, after defendant's motion for a nonsuit, permit the plaintiff to supply the defect. *Abbey Homestead Association* v. *Willard*, 48 Cal. 614. The objection to the instructions is not well taken, for the reason that the transcript shows that the instructions are not all here. All the instructions given by the court to the jury must be considered together to determine whether there was error therein. *Renshaw* v. *Switzer*, 6 Mont. 464.

BACH, J. This is an action of ejectment. The complaint contains the allegations usual in such cases. The answer denies the title of the plaintiff, and the unlawful withholding, and sets up as a further defense the statute of limitations. At the trial of the case, the plaintiff

proved the title of one Mathew Muldoon to the premises, and then introduced in evidence, without objection, the judgment roll in an action in which the plaintiff herein was plaintiff and the said Muldoon was the defendant, which action was brought for the purpose of foreclosing a mortgage executed by Muldoon to the plaintiff, and including the premises in question. The decree in that case was in favor of the plaintiff, and was in the form most generally used in cases of foreclosure. The plaintiff in this case then offered in evidence the deed of the sheriff of Gallatin County, conveying to him the premises in question by virtue of the decree. Evidence was then introduced for the purpose of showing the unlawful possession of the defendant, and the plaintiff rested.

The defendant moved for a nonsuit, on the following grounds: 1. The evidence does not support the allegations of plaintiff's complaint; 2. The evidence does not show plaintiff to be entitled to recover in this action; 3. No evidence has been offered by plaintiff to prove any indebtedness on which to base the judgment in favor of plaintiff against said Mathew Muldoon, nor to uphold said sheriff's deed; 4. The evidence does not make out a cause of action.

Before passing upon the motion, the judge below allowed plaintiff to introduce in evidence the order of sale and the return of the sheriff attending the sale. This action of the court is one of the assigned errors. It was in the discretion of the court below to allow the plaintiff to reopen his case, and we think that the court exercised its discretion wisely. After this evidence had been introduced, the plaintiff renewed his motion for nonsuit, which motion was denied.

The action in which Alderson was plaintiff and Muldoon defendant was commenced on the twenty-eighth day of April, A. D. 1883, and service of summons was had by publication. The law which controls the pub-

lication of summons in that case is the law contained in Session Laws of 1883, and, as far as this case is concerned, the law reads as follows: "When a person on whom service of summons is to be made cannot, after due diligence, be found within the territory, and an affidavit stating these facts is filed with the clerk of the court in which the action was brought, such affidavit also stating that a cause of action exists against the defendant in respect to whom service of summons is to be made, and that he is a necessary or proper party to the action, the judge of the court, or the clerk of the court, in the absence of the judge, shall cause service of summons to be made by publication thereof."

The affidavit upon which the order for the publication of summons was granted reads as follows:—

"W. W. Alderson *v.* Mathew Muldoon.

"I, J. L. Staats, attorney for the plaintiff in the above-entitled cause, being first duly sworn, depose and say that I have exercised due diligence in procuring actual service upon said defendant, but have not been able to discover his whereabouts in the territory; that a good and valid cause of action exists against said defendant, in respect to whom the service of summons is to made; and that defendant is a necessary and proper party to the action, to the determination of said cause.

"J. L. STAATS."

The affidavit is verified.

It would seem that the allegation, "the defendant cannot be found after due diligence," is insufficient; that it is a conclusion of law, based upon statements showing what search and what diligence have been made in the attempt to discover the defendant. The facts upon which is predicated the conclusion of "due diligence" must appear by affidavit; otherwise the affidavit is insufficient, and the officer granting the order does so without authority of law; and the order and all proceedings based

thereon are void. *Braly* v. *Seaman,* 30 Cal. 611; *Jordan* v. *Giblin,* 12 Cal. 100.

The plaintiff claims that, inasmuch as the defendant did not object to the introduction of the judgment roll, the defects cannot be considered; but we do not look upon the question in that light. The evidence introduced, by itself, proves only the defect in plaintiff's title; and it would be difficult to understand why the defendant should object to the plaintiff proving himself out of court. When the plaintiff rested his case, it would seem, from the authorities above, that he could not recover, because the judgment upon which his title is founded is absolutely void. If that was all there was in this case, we are of the opinion that the judgment would have to be reversed; but instead of resting there, and depending upon the merits of his motion for nonsuit, the defendant went into his defense, and the plaintiff gave testimony in rebuttal. The authorities are uniform upon this proposition, that, although the motion for a nonsuit may have been improperly denied, still, if the evidence subsequently admitted in the case cures the defect, the error will be considered to have been waived, and a new trial will not be granted. *Plank Road Co.* v. *Thatcher,* 11 N. Y. 113; *Tiffany* v. *St. John,* 65 N. Y. 317; *Perkins* v. *Thornburgh,* 10 Cal. 191.

That is the condition of this case; and in considering that, we may also pass upon the question of the insufficiency of the evidence to sustain the verdict. There is evidence in this case to show that Mr. Alderson, the plaintiff, was the mortgagee of the premises in question, and that he was in possession of the property as such mortgagee, by and with the consent of the mortgagor; that while Mr. Alderson was so in possession of the property, he rented the premises to the defendant, with the privilege of purchasing all of plaintiff's title; that the defendant went into possession of the property under

that agreement, and has failed to comply with the terms thereof. Even the testimony of the defendant substantiates this. It is in all respects similar, except that he claims that the verbal understanding was not that he was to be the tenant, but that he was to go into possession of the property, with the privilege of buying the mortgage. It makes little difference which view of the evidence we adopt. If the defendant was the tenant of Alderson, and went into possession under the agreement as a lease, he would be estopped from denying the title of Mr. Alderson; and upon the same principle, if the defendant entered into an agreement to purchase the mortgage from Alderson, Alderson then being in possession of the property under said mortgage, and the defendant, by virtue of that agreement, went into possession of the property, he would be estopped from denying the rightful possession of Alderson. The authorities hold that where the defendant, in an action for ejectment, is shown to have gained or entered in possession of the premises, either under a lease or a contract for the sale of the property, he will be estopped from denying the title of his landlord or vendor, in an action for ejectment, until he has surrendered the possession, or given notice that he does not intend to hold in subordination to the title under which he entered. *Lucas* v. *Brooks*, 18 Wall. 436; *Towne* v. *Butterfield*, 97 Mass. 105; *Willison* v. *Watkins*, 3 Pet. 43; *Quinn* v. *Quinn*, 27 Wis. 168; *Jackson* v. *Ayers*, 14 Johns. 224. It is true, as claimed by the appellant, that the estoppel was not pleaded; but the estoppel is proved partly by the evidence introduced by the appellant, and partly by the evidence on behalf of the plaintiff and respondent in rebuttal. The evidence being thus before the jury properly, and the estoppel being proved, the plaintiff could take advantage of it. *Fabian* v. *Collins*, 3 Mont. 215; *Davis* v. *Davis*, 26 Cal. 23.

We find that there is evidence to sustain the verdict, as far as the title of the plaintiff is concerned, and the unlawful withholding of the premises by the defendant; and in this view of the case, it is unnecessary for us to consider the effect of the statute of limitations, which could not commence to run until after the defendant had surrendered the possession which he had gained under the agreement aforesaid. And this also disposes of the alleged error of the court below in refusing to allow the defendant to offer in evidence the certified copies of the papers showing the date upon which final receipt was issued to Muldoon for the property in question. Those papers were offered for the purpose of establishing the time at which the statute of limitations was, in the opinion of the defendant, to commence. As we have already said, the defendant being estopped, the statute of limitations does not commence to run until possession is surrendered. The exception in this case to the instructions is taken in the same manner as the exception taken in the case of *Woods* v. *Berry, ante,* p. 195, decided at the last term of this court; and therefore the exception cannot be considered. Much is said in the brief of the appellant upon the limitation of the doctrine of estoppel, when applied to a tenant who was already in possession of the property before the lease was executed. There seems to be some conflict of authority upon this point, but we are spared the consideration of that question by the fact that it appears positively from the statement of the plaintiff that the defendant went into possession under and by virtue of said agreement.

The only other error complained of is the overruling of an objection to a question put to the defendant upon his cross-examination, the objection being that the question was immaterial, and not cross-examination. The defendant, upon his direct examination, had testified to a verbal agreement between himself and the agent of the plain-

tiff, which verbal agreement he claimed modified the written agreement.    Passing by the question as to whether or not the written agreement could be so modified, still the plaintiff had a right, by cross-examination, to show the full nature of that verbal agreement, and to show whether or not it did have the effect of making the contract such as the defendant claims it to be.    And the plaintiff had the right, by cross-examination, to show the full extent of the terms of that agreement claimed to have been made with plaintiff's agent.    That was the purpose of the question objected to, and we are of the opinion that the objection was not well taken.    There being no other errors complained of, the judgment of the court below, and the order denying the motion for a new trial, are affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and GALBRAITH, J., concur.