## SWAIN VS. COMSTOCK.

This court must take judicial notice of the existence, on and prior to the 29th of January, 1839, of a corporation entitled "The Town of Milwaukee on the West Side of the River," although unable to find the act of the legislature incorporating it, its existence being clearly recognized in an act of the territorial legislature approved February 21, 1839, and the supreme court of the territory, in 1840, having declared, in the decision of a cause before it, that such town was incorporated in 1837.

By an act of the legislature passed in 1839, entitled "An act to change the corporate limits of the town of Milwaukee," the whole of a certain district in township 7, range 22, in the county of Milwaukee, is "erected into a town corporate," the authorities of which were to be "known by the name of the president and trustees of the town of Milwaukee," all that part of the city lying east of the Milwaukee river constituting the east ward, and that part lying west of said river constituting the west ward. Section 25 of the act provides that "the clerks and treasurers of the two corporations now existing within the limits of the corporation hereby established * * * * shall transfer all the books, papers and moneys which may be in their hands, to the clerk and treasurer who may be appointed agreeably to this act." Section 36 provides "that either of the boards of trustees of *the town of Milwaukee as at present organized,* or the board of trustees to be elected under the provisions of this act," shall be authorized to build a certain bridge, &c. By the act incorporating the city of Milwaukee, passed in 1846, it was provided that after the expiration of three years from the sale of any lot for taxes, the same being unredeemed, the treasurer of the city should execute to the purchaser, his heirs or assigns, on presentation of the certificate of sale, a deed of such lot "executed by the treasurer under his hand and the seal of the city, *in the name and on behalf of the city of Milwaukee.*" The treasurer was also authorized to execute deeds in the same manner

"for all lands sold for taxes levied by the president and trustees of the *town of Milwaukee as heretofore incorporated.*" In 1849, the treasurer of said city executed to one B., under his hand and the seal of the city, a deed of a certain lot in said city, which recited that the lot was sold to B. "pursuant to an ordinance of the president and trustees of the Town of Milwaukee on the West Side of the River," by the collector thereof, January 29th, 1839, for certain taxes due said town thereon for 1838: that a certificate of sale had been issued to the purchaser; that by said ordinance the time for redemption had expired January 29th, 1841; that no part of the premises had been redeemed within the time limited, and in consequence thereof, the purchaser, or his heirs or assigns, had become entitled to a deed; and that said B. was then the lawful owner of the certificate. The words of grant are, "I, C. G., as treasurer of said city, do grant" &c., &c. In ejectment for said lot, commenced in 1854 by one claiming adversely to the tax deed, against one who had been in possession under it at the time of and more than three years after the recording thereof, *Held,*

1. That under the act of 1846, the city treasurer was authorized to issue said deed.

2. That the defendant was entitled to the protection of the limitation prescribed by sec. 123, ch. 15, R. S. 1849, which declared that any suit for the recovery of lands sold for taxes (except in cases where the taxes had been paid or the lands redeemed, as provided by law) should be commenced within three years from the time of recording the tax deed, and not thereafter.

APPEAL from the Circuit Court for *Milwaukee* County.

*Swain* brought his action of ejectment in the court below, in April, 1854, against *Comstock,* for a certain lot in the city of Milwaukee. On the trial he showed his chain of title from the United States, through Byron Kilbourn. He also called the defendant as a witness, who testified that he occupied the lot in question at the commencement of the action. On cross-examination, he testified that he had been in possession of said lot for sometime previous to the commencement of the suit; that he derived possession from one Burdick, who had occupied the lot for about ten years to his (defendant's) knowledge, and as he had been informed, for a much longer time; and that Burdick claimed to have gone into possession under an agreement with said Kilbourn for the purchase of the lot. The defendant relied upon a tax deed which he offered in evidence, executed February 20, 1849, by the treasurer of the city of Milwaukee, which contained the following recital: "Whereas, pursuant to an ordinance of the president and trustees of the

town of Milwaukee on the west side of the river, the collector of said town did, on the 29th of January, 1839, sell to Paul Burdick the following described premises [naming each lot separately, including the one in suit, and the amount for which each was sold], being the taxes and charges due the said town for the year 1838 on the said premises, and did issue certificates of the sale thereof to the said purchaser; and whereas, by said ordinance, the time for the redemption of said premises expired on the 29th of January, 1841; and whereas no part of said premises has been redeemed within the time limited by said ordinance, and in consequence thereof said purchaser, his heirs and assigns, have become entitled to a deed of the same * *; and whereas it appears that one Paul Burdick is the lawful owner of said certificate; therefore, know all men by these presents, that I, Charles Geis·berg, Treasurer of the city of Milwaukee, by virtue of the authority vested in me as treasurer of said city, in consequence of said premises, do grant" &c., &c. Signed, "Charles Geisberg, City Treasurer," and sealed with the seal of the city. The defendant also claimed the benefit of the limitation con·tained in sec. 123, ch. 15, R. S., 1849. The plaintiff objected to the admission of said deed in evidence on the grounds, 1. That no foundation for its admission had been laid, by proving the preliminary proceedings. 2. That the instrument was not in the form prescribed by the statute; and there was no statutory authority for the execution of such an instrument. 3. That the defendant, while in occupation of the premises, could not, by purchasing them at a tax sale, obtain a title adverse to that of the plaintiff. The objection was overruled, and the tax deed read in evidence, with a deed from said Burdick to the defendant. The court instructed the jury that said deeds, with possession under them during the time fixed by the statute for the limitation of actions to recover lands sold for taxes constituted a good defense to the action. Verdict for the de

fendant, and judgment accordingly; to reverse which the plaint-
iff took his writ of error.

*E. Mariner*, for the plaintiff in error:

1. No foundation was laid for reading the tax deed in evi-
dence. There is no act of the legislature incorporating " The
town of Milwaukee on the west side of the river." There
was no proof of the existence of any such corporation, and the
court could not take judicial notice of its existence. The deed
of itself proves nothing. There is no statute giving any effect
as evidence to such a deed. By the first charter, the deed is
made " evidence that the sale was *regular, according to the pro-
visions of that act.*" Laws of 1836, p. 120, sec. 14. That is,
evidence of the mere sale. 3 Chand., 75. Neither the sale
nor deed was made under that act. The charter of 1846, p.
181, sec. 38, which was in force when this deed was executed,
makes the deed " evidence that the sale, and all the proceed-
ings in levying the tax, advertising and making the sales, were
*regular, according to the provisions of that act.*" The language
of both these charters is such as to exclude sales made under
any other act. The provisions of the Revised Statutes apply
to a deed executed by the clerk of the board of supervisors.
R. S., 1839, p. 162; chap. 503, Laws of 1852, and chap. 66,
Laws of 1854, only refer to deeds thereafter executed. None
of these laws attempt to make deeds evidence of more than
the mere regularity of the proceedings under some law which
the court must recognize. None of them make them evidence
of the existence of a corporation or of the taxing power. 2. The
deed offered is, on its face, void. (1.) Inasmuch as there is no
act of the legislature incorporating "The town of Milwaukee
on the west side of the river." If any such corporation ex-
isted, it must have been under the act of 1836, Laws of 1836,
p. 43. It is in the first place exceedingly doubtful whether
that act authorizes the execution of a deed. 1 Blackf., 336 ;
2 Mich., 490. Certainly the act only allows a sale of real es-
tate to be made, when no goods and chattels of the person

chargeable with the tax, can be found ; and that fact should appear by the deed. Only a sale is authorized, that is, a sale perfected by deed, if the law is broad enough ; but a sale completed, and not a defeasible contract of sale ; there is certainly no authority in the collector to execute a redeemable certificate. A sale *under a warrant to the collector*, and pursuant to law, is authorized, and not pursuant to the ordinance of the president and trustees. That ordinance may have followed the law, and may not. (2.) There is no authority for the treasurer of the city of Milwaukee to execute a deed upon a certificate of sale made by the collector of the " town of Milwaukee on the west side of the river." He is only authorized to execute deeds upon surrender of certificates of sale made under that act, and certificates of sale for taxes levied by the president and trustees of the town of Milwaukee. Sec. 39, charter of 1846. And this probably for the very plain reason that there was no power on the part of the collector of the " town of Milwaukee on the west side of the river," to execute a certificate of sale. (3.) It does not comply with the law of 1846, in that the treasurer does not make the ordinary attempt to execute the deed in the name and behalf of the city of Milwaukee by reciting that he does so. 3. At the time of the levy of the tax and the sale, Burdick was in possession as a vendee. It was his duty to have paid the tax. 12 Ill., 442 ; 14 id., 456. 4. The statute of limitation relied on has no application to a deed by the city, but only to deeds executed under the chapter in which the limitation is found.

*Finches, Lynde & Miller*, to the point that the action was barred, cited sec. 123, ch. 15, R. S., 1849 ; *Pillow v. Roberts*, 13 How. (U. S.), 472 ; *Edgerton v. Bird*, 6 Wis., 527 ; *Sprecker v. Wakeley*, 11 id., 432 ; *Hill v. Kricke*, id., 442 ; *Knox v. Cleveland*, 13 id., 249 ; *Falkner v. Stevens*, 7 id., 393. As to the form of the deed they cited 3 Barb. Ch., 576.

*By the Court*, COLE, J. This case turns upon the question whether section 123, chap. 15, R. S. 1849, applies to the tax

deed offered in evidence by the defendant below.    It is insist-
ed and claimed by the plaintiff in error that that provision of
law cannot apply to that deed, for several reasons, the more im-
portant of which we will proceed to notice.

The deed recites that it was given on a sale of the premises
for taxes which were levied "pursuant to an ordinance of the
president and trustees of the town of Milwaukee on the west
side of the river;" and it is argued that there is no evidence
whatever in the case from which the court could possibly be
authorized to assume that there was ever in existence any such
corporation as "The Town of Milwaukee on the west side of
the river."    We have no doubt such a corporation once exist-
ed, of which we must take judicial notice, although we have
been unable to find the act of the legislature incorporating it.
We find however an act of the territorial legislature, approved
February 21, 1839 (Sessions 1838 & 9, No. 30, p. 45), which re-
cognizes, in the clearest and most satisfactory terms, the exis-
tence of a corporation described as "the president and trus-
tees of the town of Milwaukee on the west side of the river,"
and which authorizes such a corporation to levy and collect a
tax for the support of common schools "in the same manner
and at the same time that the corporation tax is now by law
levied and collected."    There is a further recognition by the
legislature of such a corporation, though not in as express lan-
guage, in the subsequent act No. 53 (Sessions 1838 & 9, p. 114).
And in addition to this we have the decision of the supreme
court of the territory of Wisconsin in the case of *Dousman v.
Ths President and Trustees of the Town of Milwaukee*, at the July
term, 1839, (Appendix to Laws of 1840–41, p. 178), in which
the court say "that the town of Milwaukee on the west side of
the river was incorporated and became a body corporate and
politic in 1837."    From all this we feel fully warranted in as-
suming that a corporation existed on and prior to the 29th day
of January, 1839, of the name and title of "The Town of Mil-
waukee on the west side of the river."

The deed in this case was made and executed by the treasurer of the city of Milwaukee in 1849, and it is claimed that he was not authorized to execute a tax deed upon a certificate of sale made by the collector of the "Town of Milwaukee on the west side of the river." By the act No. 53, above cited, entitled "an act to change the corporation limits and powers of the town of Milwaukee," to use the language of the court in *Dousman v. The President & Trustees &c.,* "the two towns of east and west Milwaukee were united, and the old corporation dissolved." There was to be a vote of the people upon the question whether the two corporations should be consolidated, and in case the majority was in favor of the adoption of the act, the clerks and treasurers of the old corporations were required to transfer all the books, papers and moneys in their hands to the clerk and treasurer of the new corporation, which was to be known by the name of the President and Trustees of the town of Milwaukee. Sections 1 and 25. By the last clause of section 38 of the city charter of 1846 (Laws of 1846, p. 164), the city treasurer was authorized to execute deeds for all lands sold for taxes levied by the president and trustees of the town of Milwaukee as theretofore incorporated, which deeds were to have the same force and effect as deeds given on tax sales under the charter. It is true, this provision does not say, in express words, that the city treasurer should execute deeds where the lands had been sold by the collector of the "Town of Milwaukee on the west side of the river;" but can there be a rational doubt that the intention was to confer that power in those cases? As the two corporations had been united in 1839, and thereafter were known by the name of the new corporation, nothing was more natural than that the legislature, in authorizing the city treasurer to execute tax deeds in all cases where sales had theretofore been made by either of the old corporations, should use the language it did in this provision. The president and trustees of the town of Milwaukee, became the legal successor to the two old corporations, the custodian

of their books and papers, the owner of their moneys and property, and clothed with their police and governmental powers and privileges. And therefore the legislature, in authorizing the city treasurer to give certificates of redemption, and to execute deeds for all lands sold for taxes levied by the president and trustees of the town of Milwaukee, must be deemed to have conferred upon that officer the power to execute the deed in this case. For we cannot doubt that the legislature intended to cloth him with full authority to execute tax deeds in all cases of sales theretofore made by any corporation to which the town of Milwaukee had become the successor.

There is nothing in the evidence that shows that the grantee in the tax deed was in possession of the land sold in January, 1839, as a vendee. The only proof upon that point is the testimony of the defendant below, that he had been in possession of the premises sometime previous to the commencement of the suit; that he derived possession from Paul Burdick, who had occupied them for about ten years to his knowledge, and, as he had been informed, much longer; and that Burdick claimed to have gone into possession under an agreement with Kilbourn for the purchase of them. This testimony is quite too indefinite and uncertain to authorize us in saying that Burdick, the grantee in the tax deed, was in possession of the land in 1838 under a contract with the owner to purchase it.

The last objection is, that section 123, chap. 15, does not apply to a deed executed by the officer of a city, but only to those conveyances executed by the clerk of the board of supervisors. This is contrary to the construction which has uniformly been placed upon that section, and inconsistent, we think, with the plain intention, purpose and policy of this enactment. We have no doubt that the circuit court was right in holding that the statute of limitations had run upon this deed.

The judgment of the circuit court is affirmed.