Bartlett and others vs. Secor.

BARTLETT and others vs. SECOR.

*December 15, 1882 — January 9, 1883.*

ADVERSE POSSESSION. *(1) Pleading. (2) Oral agreement to exchange lands. (3) When possession becomes adverse. (4) Presumption from continued possession.*

1. A defendant in ejectment pleading title by adverse possession need not set forth the nature and character of such possession. An allegation that his entry was under claim of title exclusive of any other right and that the possession has been continued, under such claim, for more than twenty years previous to the commencement of the action, is a sufficient answer.

2. Where both parties to an oral agreement to exchange lands have taken possession thereunder the possession of each is adverse to the title of the other.

3. Although the original entry upon lands is made in subordination to the title of the real owner, the possession may become adverse by acts and declarations of the occupant showing his claim to hold adversely, when such acts and declarations are brought to the knowledge of the owner.

4. The actual possession of land for twenty years prior to the commencement of an action to recover the same, raises a presumption that such possession was adverse.

APPEAL from the Circuit Court for *Racine* County.

Ejectment. The answer, after a general denial of each material allegation of the complaint, for a second defense, "alleges and objects that the action of the plaintiffs was not commenced within the period of time prescribed and limited

for the commencement thereof in and by the statutes of the state of Wisconsin in such case made and provided, and that he does and shall insist upon said statutes in bar of the right of the plaintiffs and each of them to maintain this action." For a third defense it is alleged that on or about September 25, 1841, the defendant "entered into the actual occupation and possession of the premises described in the complaint and in question in this action, as his homestead, under claim of title exclusive of any other right, but not founded upon any written instrument, or any judgment or decree; and the defendant hath from thence hitherto been and still is in the continued actual occupation of said premises as aforesaid under the aforesaid claim of title thereto, and has from time to time during the time aforesaid made permanent and valuable improvements" upon the premises in the presence and with the knowledge of the plaintiffs and of those under whom they claim. Other facts appear from the opinion.

For the appellants there was a brief by *Winslow & Brownson*, as attorneys, and *H. T. Fuller*, of counsel, and oral argument by *Mr. Winslow*. They cited: Tyler on Ejectment, 860, 876; *Quinn v. Quinn*, 27 Wis., 168; *Melia v. Simmons*, 45 id., 334; *Jackson v. Camp*, 1 Cow., 605; *Jackson v. Johnson*, 5 id., 74; *Briggs v. Prosser*, 14 Wend., 227.

For the respondent there was a brief by *Hand & Flett*, of counsel, and oral argument by *Mr. Hand*. They argued, *inter alia*, that the instructions were a correct application of the law to the facts proven. Adverse possession is that kind of continued occupation and enjoyment which indicates an assertion of right on the part of the person maintaining it. *Rivers v. Thompson*, 43 Ala., 633; *French v. Pearce*, 8 Conn., 439; *Wilson v. Henry*, 40 Wis., 594. And the possession requisite to constitute a bar to the assertion of a legal title by the former owner must be "an actual, continuous, visible, notorious, distinct, and hostile possession." *Hawk v. Senseman*, 6 S. & R., 21; *Taylor v. Horde*, 2

Smith's L. C., 468 *et seq.* The distinction between color and claim of title was correctly stated. Color of title is that which purports to be, but is not, evidence of ownership. *Edgerton v. Bird,* 6 Wis., 527; Sedg. & W. Tit., §§ 762, 763. To the former a paper title is requisite, but the latter may exist wholly in parol and may be evidenced by acts as well as words. *Hamilton v. Wright,* 30 Iowa, 480. In the latter case it is only necessary that the entry be made under a *bona fide* and not a pretended claim of title. *La Frombois v. Jackson,* 8 Cow, 589; *French v. Pearce, supra.* And if the possession has been taken in such a way as to authorize a belief that the possessor imagined that he was occupying his own property, that will be a claim of title. Tyler on Ejectment, 874; *Patton v. Hynes,* 1 Cooke (Tenn.), 356; Sedg. & W. Tit., § 759. Where a party merely assumes possession with claim of right, there is a disseisin to the extent of the land which he actually occupies, and such occupation for twenty years is a complete bar to the claim of the former owner. *Small v. Procter,* 15 Mass., 495; *Coburn v. Hollis,* 3 Met., 125; *Brandt v. Ogden,* 1 Johns., 156. Even conceding that there was no valid transfer of the lands intended to be exchanged, yet if the defendant believed that he had bought and paid for the land, he would be justified in claiming title and his possession would be adverse. *La Frombois v. Jackson,* 8 Cow., 589; *Livingston v. Peru Iron Co.,* 9 Wend., 511; *Smith v. Lorillard,* 10 Johns., 356; *Smith v. Burtis,* 9 id., 180; *Jackson v. Ellis,* 13 id., 120; *Jackson v. Wheat,* 18 id., 41. Evidence of a parol exchange of land is admissible. Oral claim of exclusive title, or any other circumstances by which the absolute owner is distinguished from the naked possessor, are equally admissible and may be equally satisfactory. Tyler on Ejectment, 864, 865; *Humbert v. Trinity Church,* 24 Wend., 587. Thus where parties agree by parol upon a divisional line, and afterwards hold possession in conformity thereto, the possession of each is

adverse to the other, and, of course, evidence of the agreement is admissible. Tyler on Ejectment, 84; *B. & W. R. R. Co. v. Sparhawk*, 5 Met., 469; *Badger v. Zeise*, 44 Wis., 96; *White v. Hapeman*, 43 Mich., 267; *McCormick v. Barnum*, 10 Wend., 105; *Dibble v. Rogers*, 13 id., 536; *Burrell v. Burrell*, 11 Mass., 296. So, where one enters upon land under a parol gift only, and holds exclusive possession, such possession is adverse and amounts to a disseisin, and evidence of such gift, may be given. *Sumner v. Stevens*, 6 Met., 337; *Ashley v. Ashley*, 4 Gray, 197; *Rannels v. Rannels*, 52 Mo., 112. Even if defendant's entry had not been adverse in the first instance, yet he having held possession for more than twenty years under claim of title not resting in writing, within sec. 4213, R. S., the presumption at once arises that "the entry shall be deemed to be adverse," and the burden of proof is shifted to plaintiffs. *Link v. Doerfer*, 42 Wis., 391; *Furlong v. Garrett*, 44 id., 111, 119. It was competent to show by the declarations and acts of the defendant that he held adversely. 3 Washb. on R. P., 136; *McNamee v. Moreland*, 26 Iowa, 109; *Church v. Burghardt*, 8 Pick, 327; Sedg. & W. Tit., § 758.

TAYLOR, J. This is an action of ejectment to recover the possession of about seven acres of land. The defendant sets up adverse possession for more than twenty years previous to the commencement of the action in bar of plaintiffs' claim. On the trial the plaintiffs showed title in themselves derived from the government. The defendant showed the following state of facts, viz.: That he came into the town in which the land in question is situated in 1841. At that time Mr. Newman, the person through whom the plaintiffs derive their title, owned the lands in question. When defendant came into the country, Mr. Newman wanted him to settle near him. He wanted the defendant to settle on his land. Newman said he had a claim on eighty acres and

would like to have him buy it. It was pretty low land. The defendant said to Newman, "I can't build on either forty; neither of them come to the road." Newman then said to him, "If you will come here and live, you can have a gore in there,"—"a little strip of land there for his building place." They called it five to seven acres. Newman also told defendant that he, Newman, in making his fence had included a portion of the south forty, and cultivated it with his own land. "You can have a piece on the road for a building place, and I will keep the part on the south forty which I have fenced in. We will exchange, and if you get more than I, or I receive more than you, the one getting the most land shall pay the other at the rate of ten shillings per acre for the excess." And so they exchanged property, and he went on and built on the land in dispute.

The evidence in the case shows that the defendant built on the land in question in 1841, and took possession of the same, and has lived on and occupied the land from that time continuously to the day of the trial. The whole piece contains about seven acres, five acres of which have been inclosed with a fence all the time, and the other two acres were fenced in with a larger tract of land which defendant used as a pasture or for cutting hay. The evidence also tends to show that the south forty acres spoken of were afterwards purchased for the defendant and deeded to him; that Newman and those claiming under him had nearly ten acres inclosed with Newman's other lands; and that such ten acres were used by Newman and those claiming under him for about fifteen years. Then the plaintiffs, or those under whom they claim, moved the fence on the line of the south forty acres, and have not occupied that land since. There is no evidence that such fence was removed by the direction of the defendant. Newman died shortly after the defendant went into the possession of the lands in dispute. The defendant gave evidence that he took possession of this land,

claiming to own the same, and that he has always asserted his ownership thereof.

The following instructions were given by the circuit judge to the jury, to which instructions the plaintiffs duly excepted:

1. " The defendant does not deny that he is in possession, but claims by his answer, and has given evidence tending to establish it, that he entered into possession of said premises under a claim of title in himself, and has held such possession for a period of twenty years and upwards adversely to the plaintiffs' and all other rights and title to such land, and claims that such adverse possession is a bar to the plaintiffs' right of recovery."

2. " If you find from the evidence that the defendant entered into occupation and possession of the premises in question claiming title thereto exclusive of and hostile to any other right, and that such claim of title was made in good faith, the defendant believing that he had a good title to such land as the owner thereof, and further find that such occupation and possession was actual and continued, uninterrupted and notorious, and hostile to any other right or title to said land, for a period of twenty years prior to the commencement of this action, and that during all that time the defendant so claimed title to said land, that would constitute adverse possession, and would bar plaintiffs' right to recover in this action, and your verdict in such case would be for the defendant."

3. " For the purpose of constituting an adverse possession by a person claiming title not founded upon some written instrument, or some judgment or decree, land shall be deemed to have been possessed and occupied in the following cases only: (1) when it has been protected by a substantial inclosure; (2) when it has been usually cultivated and improved."

4. " Color of title and claim of title are not in their strict sense synonymous terms. To constitute color of title, a paper title — that is, a deed or other instrument purporting

to convey title — is requisite; but claim of title may exist wholly in parol, and may be manifested by acts as well as by words; and if you find from the evidence that the defendant, *Secor*, built a house or houses, a barn, and other outbuildings, dug a well or wells, planted · an orchard, and otherwise improved and cultivated the premises in controversy, this is competent evidence tending to show claim of title on part of defendant upon which an adverse possession may be predicated, and which if continued for twenty years or more would bar the plaintiffs from maintaining this action."

The jury returned a verdict for the defendant, upon which judgment was entered, and the plaintiffs appeal to this court. They assign the following errors: The court erred: " (1) in admitting any evidence under the answer; (2) in admitting any evidence of the supposed parol exchange of land; (3) in refusing to charge the jury to return a verdict for the plaintiffs; (4) in giving the instructions to the jury which were excepted to by the plaintiffs; (5) in allowing the defendant and other witnesses to testify that the defendant always claimed to be the owner of the land in controversy; (6) in submitting to the jury any question as to the west two acres of the land in question."

We think the third separate answer of the defendant was a sufficient answer setting up an adverse possession for more than twenty years under claim of title exclusive of any other right, which if proved would be a bar to the plaintiffs' right of action under secs. 4210 and 4211, R. S.   We do not think the party pleading adverse possession is bound to set out in his answer the nature and character of such possession.   An allegation that the entry was under a claim of title exclusive of any other right, and that the possession has been continued for more than twenty years previous to the commencement of the plaintiff's action, under such claim of title, is a sufficient answer.   Such an answer cannot mislead the plaint-

iff, and sufficiently informs him that he relies on the statutory adverse possession of the land in question as a bar to the plaintiff's action. The third answer being sufficient it is unnecessary to determine whether the second separate answer is sufficient or not. It might be urged with some degree of plausibility that such an answer is sufficient to raise the question whether the plaintiff had commenced his action within the time limited therefor by sec. 4207, R. S., which provides "that no action for the recovery of real property or the possession thereof shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of the action."

The second, third, and fourth errors assigned are all based upon the idea that the defendant by his evidence showed himself in such possession of the land as estopped him from claiming that it was adverse to the plaintiffs' claim of title. The learned counsel for the plaintiffs insist that having shown that he took possession of the land upon a parol agreement between himself and the person under whom the plaintiffs claim title, for an exchange of a parcel of land not then owned by the defendant, such possession is necessarily subordinate to the title of the then owner thereof, and can only become adverse by perfecting such agreement for an exchange; that he is in fact in the precise condition of a person who enters under a written contract to purchase, when the entire consideration is not paid at the time of the entry. It may be admitted, for the purposes of this case, that a person who enters into the possession of lands under a contract to purchase from the real owner, when the entire purchase price is not paid, does not hold adversely to the title of the party under whom he enters until such contract price is fully paid. Still we are of the opinion that the defendant in this case might justly claim that his entry under the agreement for an exchange of one tract of land for another was adverse

to the claim of the owners.    By the agreement to exchange parcels of land, the delivery of possession is an execution of the agreement as much as the payment of the purchase price in full under a written contract for sale, and it is not seriously contended that the possession of a party under such an agreement is not adverse to the former owner.

The defendant having taken possession of the lands under the parol agreement for an exchange, and having made improvements thereon on the strength of such parol agreement, could have compelled the former owner to execute to him a deed therefor upon tendering a deed of the lands agreed to be given in exchange.    It is, we think, equally clear that if the former owner had brought ejectment for this land while he held possession of the lands agreed to be taken in exchange therefor, he would have been defeated upon the defendant setting up his equitable defense.    Both parties having taken possession of the exchanged lands under the parol agreement, stand in equity in the same relation to each other that they would have been in had the contract for an exchange been in writing, and each had taken possession according to the writing, though no deeds had been exchanged.    It seems to me very clear that in such case the possession of one would be adverse to the other, and if such possession continued for more than ten years, the former owner would be barred of his right, and a possession of twenty years under a parol agreement would be a bar also.

We think if it should be admitted that, under the parol contract for exchange, as a matter of law the defendant took possession in subordination to the title of the person under whom the plaintiffs claim, that fact would not dispose of the defendant's defense.    If, after taking possession, he denied the plaintiffs' right to the property and held it under a claim of right adverse to the plaintiffs for more than twenty years previous to the commencement of the action, the right

of the plaintiffs would be barred. Here the defendant has held possession for forty years, and, as the proofs show, under a claim of title adverse to the plaintiffs' title; and, if it were clearly shown that he took possession under such an agreement as would in the law make such possession subordinate to the plaintiffs' right, still the statute would run in favor of the defendant after the lapse of twenty years from the time the defendant had openly repudiated such right and claimed to hold the possession adversely.

That a possession of real estate, which was acquired under circumstances which render it subordinate to the title of the true owner, may become adverse afterwards without a surrender of such possession to the real owner, is settled both upon principle and authority, and is expressly recognized by our statute (sec. 4216, R. S.), which provides that "whenever the relation of landlord and tenant shall have existed between any persons, the possession of the tenant shall be deemed the possession of the landlord, until the expiration of ten years from the termination of the tenancy; or where there has been no written lease, until the expiration of ten years from the time of the last payment of rent, notwithstanding such tenant may have acquired another title, or may have claimed to hold adversely to his landlord; but such presumption shall not be made after the periods herein limited." This statute clearly provides that even a person who has entered into possession as the acknowledged tenant of the true owner, may, without surrendering the possession so obtained, by holding possession under an adverse claim for twenty years after the expiration of ten years after his term has expired, defeat his landlord's right to recover the possession. *Quinn v. Quinn*, 27 Wis., 168; *McPherson v. Featherstone*, 37 Wis., 632–643; *Swift v. Agnes*, 33 Wis., 228–241; *Stevens v. Brooks*, 24 Wis., 326–330; *Sydnor v. Palmer*, 29 Wis., 226–249; *Challefoux v. Ducharme*, 4 Wis., 565; 3 Washb. on R. P. (4th ed.), 141, 142, and cases cited; *Doe v. Gregory*,

2 Ad. & El., 14. These cases and many others which might be cited clearly show that when the first entry is made in subordination to the title of the real owner, such possession may become adverse by the acts and declarations of such occupant, showing his claim to hold adversely, when such acts and declarations are brought to the knowledge of the true owner. The evidence having shown that the defendant had been in the actual possession of the premises for forty years before the action was commenced, such possession raised a presumption of its adverse character, and the burden of showing that it was not such a possession as would defeat the plaintiffs' action was upon the plaintiffs, and it is very clear that they have not made so clear a case as to take the question from the jury. *Link v. Doerfer*, 42 Wis., 391–394; *Furlong v. Garrett*, 44 Wis., 111–119.

In any view that may be taken of this case it seems to us that there was sufficient evidence to sustain the defendant's claim of an adverse possession to carry the case to the jury upon that question, and the jury having found in his favor, their verdict ought not to be set aside. We think evidence of the defendant's claim to own the land during the time he occupied the same was competent evidence as tending to show that his possession was adverse to the title of the true owner. See 3 Washb. on R. P., 142.

*By the Court.*— The judgment of the circuit court is affirmed.

Lyon, J., took no part.