PERKINS and others, Appellants, vs. PERKINS, Respondent.

*October 22, 1920—March 8, 1921.*

*Adverse possession: Presumption from continued occupancy: Possession by second husband of lands of widow and her children: Notice of adverse claim: Recording tax deed as notice: Limitation of action on tax deed: Possession of one cotenant: Recovery for improvements: Taxes: Estoppel.*

1. All reasonable presumptions are to be made in favor of the true owner of land, including the presumption that actual possession is subordinate to the right of the true owner, subject to the limitation that actual, continuous, exclusive possession for the statutory period, unexplained, creates a presumption of fact that such possession was characterized by all the requisites to establish title by adverse possession.

2. Where defendant, on marrying a widow, took possession with her and her children of land which had been owned by her deceased husband and in which the widow owned a dower interest and her minor children a part interest, his entry into possession was permissive and not hostile or adverse.

3. The recording of a tax deed does not give constructive notice of the claim under a deed to the former owners of the property, registry of the deed being notice only to those who claim through or under the grantor or who subsequently deal with the title to the premises.

4. Continued possession of premises after entry by permission of the true owners is not adverse to such owners so as to defeat their title until after the possessor has asserted a claim

of title to the land in such a way as to bring his claim to the notice of the owners.

5. Sec. 1187, Stats., barring an action by the grantee in a tax deed unless he shall be in actual, not constructive, possession of the land for three successive years within the next five years after the recording of the tax deed, operates in favor of the possessor to bar the title of whichever party, the original owner or the tax-title claimant, was, during the three years next after the recording of the tax deed, out of actual possession and thus compelled to resort to legal proceedings to obtain possession.

6. A finding that one of seven heirs to property was in possession thereof during the three years after the defendant secured a tax deed to the premises sets the statute (sec. 1187) running against defendant in favor of all of the heirs, since the possession of that heir, being the possession of a cotenant, was for the benefit of all the cotenants.

7. Under sec. 1187, requiring the possession of the tax-title claimant to be actual, not constructive, and sec. 1190, providing that possession, within the meaning of sec. 1187, is governed by the rules prescribed for determining adverse possession by one claiming title founded on a written instrument, the possession of a tax-title claimant which was permissive and in subordination to the title of the former owners was the possession of the former owners and operated to bar the tax title.

8. One whose possession of premises was not adverse by color of title asserted in good faith cannot recover for improvements made on the premises under secs. 3096, 3097, Stats.

9. The tax deed being fair on its face, the tax proceeding regular, and the defendant having been defeated by virtue of sec. 1187, Stats., the provisions of sec. 3087 do not apply, and the defendant is not entitled to offset taxes on the premises paid by him.

10. An essential element of estoppel by silence or implied misrepresentation being that the opposite party is misled by the conduct complained of, the failure of the owners of the land to assert their title does not estop them from thereafter asserting it, where the defendant knew exactly what their title was and did nothing in reliance upon their conduct.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Ejectment. On January 7, 1891, John I. Brougham was the owner of the land described in the complaint and on

that day died intestate, leaving the following heirs: *Della Brougham,* daughter, now *Della Perkins,* aged twenty-eight years; *Fred Brougham,* son, aged twenty years; *Kate Brougham,* daughter, now *Kate Perkins,* aged eighteen years; *John Brougham,* son, aged fifteen years; *Mary Brougham,* now *Mary Jones,* aged thirteen years; Clarence Brougham, son, aged nine years, who died January 2, 1901, leaving no heirs; Clara Brougham, daughter, aged five years, who died intestate November 12, 1909, at the age of twenty-four years, leaving her surviving her husband, *Eugene Rossman,* and two sons, Forest Rossman, who died in 1910, and *Howard Rossman,* born March 4, 1909, and who is now living, and *Nellie,* a daughter, aged three years.    John I. Brougham also left him surviving his widow, Lanis Brougham, who married the defendant, *Morris Perkins,* on January 1, 1893, and who died January 22, 1919. The plaintiffs are the sole surviving heirs at law and successors in interest of John I. Brougham, deceased.

After the marriage of the widow and the defendant, and in the month of November, 1894, the widow, her husband, and four minor children moved upon the premises. All of the minor children, except the plaintiff *Nellie Brougham,* ceased to live upon the premises during or prior to the year 1899. *Nellie Brougham* continued to make her home on the premises with the defendant and her mother until the death of her mother January 2, 1919. The defendant purchased tax certificates upon the premises, sale of 1894, tax of 1893, and on December 11, 1897, he caused a tax deed of the premises to be issued to himself. In the year 1894 and subsequently the land was assessed to the defendant and he paid the taxes thereon from that year to the time of trial. It appeared that the defendant and his wife had remained in possession of the premises from the time they occupied them in November, 1894, down to the time of the death of the wife, and that the defendant occupied the same at the time of the commencement of this action. During that time the

defendant had cultivated and improved the premises. It further appears, without dispute, that the heirs of John I. Brougham, when not residing upon the premises, have resided in the vicinity and had full knowledge of the fact that the premises were in the possession of the parties as stated; that they never made any demand for an accounting for rents or profits. The reason they give for their failure to make such a demand is that they did not do so out of deference to their mother. None of the children knew that *Perkins* claimed to be the owner of the farm until at or about the time of the mother's death. The four children, *Mary,* Clarence, Clara, and *Nellie,* were members of the family at the time *Mr.* and *Mrs. Perkins* moved upon the premises. Clarence remained about five years and Clara about eight years, and from the time of the marriage the defendant supported the children, sent them to school, clothed them and paid doctor's bills, and treated them as members of his family. At the time the defendant procured the tax deed he made an affidavit of nonoccupancy in which he swore that the land had not been "occupied or possessed by any person for a period of thirty days within the last six months other than himself." In his answer the defendant claimed to be the owner of the premises under and by virtue of the tax deed referred to. In support of his claims under the tax deed, he claimed the benefit of secs. 1188, 1189a, 1189b, and 1190 of the Wisconsin Statutes, being statutes of limitation. He further claimed that he entered into possession of the premises on the 11th day of December, 1897, under claim of title, basing such claim upon a written instrument as being a conveyance of such premises; that he claimed under and by virtue of the tax deed; that he had been in possession of said premises for more than ten years immediately preceding the commencement of this action; that, as purchaser and grantee of said premises under said deed, he had been in the actual and continued occupation of said premises adverse to and ex-

clusive of every right under claim of title, founded upon the deed, claimed the benefit of secs. 4211, 4212, and 4215, Stats., and pleaded said statutes in bar of the action; claimed title by reason of adverse possession for more than twenty years under secs. 4213, 4214, 4215, and 4207, Stats.; claimed title by way of estoppel, and by way of counter-claim set up title under the tax deed, asked that his title be confirmed, and, in the event that the plaintiffs' title is held paramount to that of the defendant, then for the value of the improvements made and taxes paid by him.     The jury found a special verdict as follows:

"(1) What is the reasonable value of the rents and profits of the premises described in the complaint since February 26, 1913, exclusive of the value of the use of the improvements made thereon by the defendant?  *A.* $456.

"(2) What is the amount of money paid and the amount of interest thereon, computed at fifteen per cent. per annum, for the purchase of the land at the tax sale, for executing and recording the tax deed, and for taxes subsequently paid thereon?  *A.* $829.16.

"(3) What is the present value of the improvements made by the defendant on said premises as they now exist, over and above the value of the rents and profits enjoyed by the defendant prior to February 26, 1913?  *A.* $3,860.

"(4) Did the defendant, while in possession of the premises, hold the premises adversely to all persons not in possession under color of title asserted in good faith?  *A.* No."

The court found, in addition to the facts already stated:

"That ever since the 11th day of December, 1897, the defendant has held said premises and been in the actual, continuous occupation and possession thereof, and of the whole thereof, exclusive of every other right, except as to the plaintiff *Nellie Brougham,* and for more than twenty years immediately preceding the commencement of this action the said premises, and the whole thereof, have been cultivated and improved and have been protected by substantial inclosure by the defendant, and that each of the plaintiffs, except the plaintiff *Nellie Brougham,* are barred from the right to recover possession thereof or any right or title therein.

"That the tax deed under which defendant claims title is voidable as to the plaintiff *Nellie Brougham*, for the reason that she has been in possession of said premises in the manner stated in finding No. 3 at all times since the taking and recording thereof, until about January 22, 1919, and that the said *Nellie Brougham* is the owner in fee of an undivided one-seventh interest in and to the lands described in the complaint, and is entitled to the possession thereof upon compliance with the terms hereinafter ordered.

"That the defendant is the owner in fee and entitled to the possession of an undivided six-sevenths of said premises."

Judgment was entered accordingly, *Nellie Brougham* being required to pay $53.31, with interest, as a condition of judgment in her favor being entered. From such judgment the plaintiffs appeal.

The cause was submitted for the appellants on the brief of *J. C. Gilbertson* and *A. J. Sutherland,* both of Eau Claire, and for the respondent on that of *Sturdevant & Farr* of Eau Claire.

The following opinion was filed December 14, 1920:

Rosenberry, J. The pivotal question in this case is whether or not the defendant was divested of his title under and by virtue of the tax deed by the possession of the plaintiffs.

All reasonable presumptions are to be made in favor of the true owners, including the presumption that actual possession is subordinate to the right of the true owner, subject, however, to the limitation that actual, continuous, exclusive possession for the statutory period, unexplained, displaces a presumption in favor of the true owner and creates a presumption of fact that such possession, and the commencement of it, were characterized by all the requisites to title by adverse possession. *Meyer v. Hope,* 101 Wis. 123, 77 N. W. 720; *Illinois S. Co. v. Budzisz,* 106 Wis. 499, 514, 82 N. W. 534.

The possession of the defendant in this case, however, is not unexplained.   It is fully and completely explained.   The acts of the defendant, as well as of his deceased wife, fully characterize his possession at the time of entry.   The trial court found that they went upon the premises in November, 1894.   At that time the defendant had no title to nor interest in the land.   He was the owner of a tax certificate issued upon the sale of 1894 for taxes of 1893, but made no claim to title under such certificate at that time nor subsequently.   His entry, therefore, was clearly permissive. His wife was the owner of a dower interest, the minor children who accompanied him were part owners of the premises.   Under such circumstances the entry of the defendant was permissive and not hostile or adverse.   *Ayers v. Reidel,* 84 Wis. 276, 54 N. W. 588; *Allen v. Allen,* 58 Wis. 202, 16 N. W. 610; *Bannon v. Brandon,* 34 Pa. St. 263; *Johnson v. Oldham,* 126 Ala. 309, 28 South. 487; *De Witt v. Shea,* 203 Ill. 393, 67 N. E. 761.

The evidence is undisputed that the defendant never did anything to assert title under his tax deed, or made any claim adverse to plaintiffs, until at or about the time of his wife's death; that none of the plaintiffs knew that he had or claimed to have any interest in or to the premises, and it is a fair inference from the evidence that they supposed that he occupied the same under such title or right as his wife, their mother, had.   If it be said that the recording of the tax deed by the defendant operated as notice to the plaintiffs or any of them, it is sufficient to say that by the terms of the statute the recording of a deed is notice, not to prior owners, but to those who subsequently deal with the title.   It is sometimes said that such recording is constructive notice to all the world.   This statement is too broad. Registry of a deed is notice only to those who claim through or under the grantor or subsequently deal with the title to the premises.   *Ely v. Wilcox,* 20 Wis. 523; 39 Cyc. 1721, and cases cited.

While the record of the tax deed was notice to all persons dealing with the title to the premises subsequent thereto, it was not notice to the plaintiffs or any of them.    The defendant testified:

"I am not able to say that they [the plaintiffs] knew I was in possession, but can say this much: they came and went as they were a mind to there. . . . I suppose they came to visit their mother."

The defendant said no word, performed no act, made no claim, and asserted no right that tended to arouse in the minds of the plaintiffs any question as to the character of his possession or to indicate to them that he claimed under any different or other right than that under which he went into possession, and that was the right of his wife and children.

The entry of the defendant being permissive in character and his possession not being adverse, neither the twenty nor ten-year statute of limitations began to run until knowledge of his adverse claim was in some way brought home to the true owner.    *Allen v. Allen,* 58 Wis. 202, 16 N. W. 610.

The acts of the defendant in procuring the land to be assessed to him, the payment of taxes thereon, the possession and improvements made thereon by him, unexplained. might well afford a basis for a finding that his possession was adverse.    His acts during the time that his possession was permissive were of the same character and extent as they were after the execution and recording of the tax deed.    Until the defendant brought home to the plaintiffs that he was acting under a different right than that under which he entered, his possession remained permissive and his right subordinate to the true owners.

The trial court found that from the date of the tax deed the possession of the defendant was adverse to plaintiffs. We find no evidence in the record upon which such finding can be based except that relating to the recording of the tax

deed, and that, as we have shown, was ineffective unless knowledge thereof was actually brought home to the plaintiffs. Where a father procured a patent to lands to be issued in the name of his son, then a minor, and went into possession of the lands and recognized the son's title for some years after he took possession of the lands, this court said:

"After such entry and recognition of the son's title, the possession of the father would not become adverse until he did some act disavowing the right of the son; and asserting title in himself in hostility to the son's title, and such disavowal of the son's title, and his claim to hold in hostility to the title under which he took possession, must be brought to the knowledge of the son before the statute could be set to running under such subsequent possession." *Allen v. Allen,* 58 Wis. 202, 16 N. W. 610. See, also, *Bartlett v. Secor,* 56 Wis. 520, 14 N. W. 714; *Quinn v. Quinn,* 27 Wis. 168.

The obligation of the defendant to bring home to the plaintiffs knowledge of the fact that he made a claim to the premises adverse and hostile to their interest was greater by reason of the fact that they, or some of them at least, were members of his family, under his care and protection.

Under the facts and circumstances of this case, the ordinary rule that a hostile claim may be inferred from acts of dominion over property such as were exercised by the defendant over the premises in question and that such acts of dominion are presumed to be in hostility to the true owner, has no application. The facts being fully explained, the nature of his entry being clearly established, no room is left for the operation of presumptions. In his amended answer the defendant makes no claim of adverse holding prior to the 11th day of December, 1897, the date of the tax deed, and if such claim were made we find no evidence in the record to support it.

The defendant claims title by virtue of his tax deed under the provisions of sec. 1187, Stats., which provides that no action shall be maintained by the grantee in a tax deed

unless such grantee, or those claiming under him, shall be in actual, not constructive, possession of the land so demanded for three successive years during the five years next after the recording of such deed. This statute operates in favor of the possessor to bar the title to whichever party—the original owner or tax-title claimant—was, during the three years next after the recording of the tax deed, out of actual possession and thus compelled to resort to legal proceedings to obtain such possession. *Falkner v. Dorman,* 7 Wis. 388; *Swain v. Comstock,* 18 Wis. 463; *Laffitte v. Superior,* 142 Wis. 73, 125 N. W. 105.

The trial court held that as to the plaintiff *Nellie Brougham* the tax deed was voidable, but held it valid as to the other plaintiffs. The only difference in the situation of the plaintiffs was that the plaintiff *Nellie Brougham* remained upon the premises in question, from the time she went there with her mother and stepfather in 1894, for many years. If her occupation was such as to set the statute running in her favor and against the defendant, then the statute must run in favor of the other plaintiffs against the defendant, because her possession, being the possession of a cotenant, was for the benefit of all the cotenants and was in law their possession. 38 Cyc. 21.

It is to be noted that under the provisions of sec. 1187, Stats., the possession of the tax-title claimant is required to be not constructive but actual. Sec. 1190 provides that possession, within the meaning of sec. 1187, shall be governed by the rules prescribed for determining an adverse possession by a person claiming title founded upon a written instrument. The possession of the defendant as to the plaintiffs being permissive and in subordination to their title, it was, as we have held, not adverse. The possession of the parties in this case, including that of defendant, therefore, was the possession of the plaintiffs, and operated to bar the defendant of any rights under his tax deed, he having not begun any action within the time prescribed by statute.

The defendant did not hold adversely by color of title, asserted in good faith, and therefore is not entitled to recover for improvements under the provisions of secs. 3096, 3097.

Defendant contends that plaintiffs are estopped to assert their title at this late day. It is argued that it was the duty of plaintiffs to speak, and that because they remained silent over a long period of years, during which time the defendant placed valuable improvements upon the premises, they ought not to be allowed to assert their title as against the defendant. One of the necessary elements of estoppel by silence or implied misrepresentation is that the opposite party must be misled by the conduct complained of. The defendant was not misled by the conduct of plaintiffs or any of them. He knew exactly what their title was and the entire situation. . He did nothing in reliance upon their conduct. The principal elements of estoppel are wanting. *Priewe v. Wis. S. L. & I. Co.* 103 Wis. 537 (79 N. W. 780), at p. 552. .

If the result reached in this case seems to be harsh as to the defendant, we can only say it is due to a situation created by the acts of the defendant himself. His long-continued silence with reference to his rights under the tax deed created a situation which has operated to deprive him of benefits to which he might otherwise have been entitled. On the other hand, it would be most unconscionable to permit a person occupying a *quasi*-parental relationship to a family of children to acquire title to premises owned by them and their mother, his wife, under the circumstances shown by the evidence in this case. The jury found that the defendant did not hold possession of the premises in good faith. If his possession had been adverse it might have ripened into a good title, whether he acted in good faith or not. But having entered the premises in subordination to the title of the plaintiffs, the law, as well as fair dealing, required him to acquaint his wards with any change in the situation which might operate to divest them of their title

to the property inherited from their father and vest it in him.   This the defendant failed to do.   The plaintiffs are entitled to judgment as prayed in the complaint, establishing their title to the premises, ousting the defendant, and for mesne profits as found by the jury, less the amount of taxes and interest paid by the defendant during the six-year period.

*By the Court.*—Judgment reversed, with directions to the lower court to enter judgment for the plaintiffs in accordance with this opinion.

A motion by the respondent for a rehearing was denied, with $25 costs, on March 8, 1921, and the following opinion was filed March 14, 1921:

Rosenberry, J.   The respondent moves for a rehearing, claiming that he is entitled to recover taxes paid by him upon the premises in question under the provisions of sec. 3087, Stats.   Upon this motion we have re-examined the question and are of the opinion that the defendant is not entitled to offset taxes for any part of the period in question. The plaintiffs did not recover by reason of any defect or insufficiency in the tax deed.   The deed was fair upon its face and the tax proceedings, so far as the record discloses, were regular.   The defendant is defeated by virtue of the provisions of sec. 1187, Stats., which operated in this case to bar him of any right to the premises in question, and not by reason of any defect in his tax deed or in the tax proceedings.   The jury, in answer to the fourth question, having found that the defendant did not hold possession of the premises in good faith, the court is of the opinion that the extent of his offset must be limited to his legal rights.   The original opinion is therefore modified to read as follows:

The plaintiffs are entitled to judgment as prayed in the complaint establishing their title to the premises, ousting the defendant and for mesne profits as found by the jury.

The mandate is amended to read as follows:

Judgment reversed, with directions to the lower court to enter judgment for the plaintiffs in accordance with the opinion as modified.